Mason Don **PAGE**, Appellant,

v.

**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.**

No. 19015.

Court of Civil Appeals of Texas, Dallas.

Oct. 21, 1976.

Rehearing Denied Nov. 18, 1976.

Albert E. Andres, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellant.

Gordon H. Rowe, Jr., Gardere, Porter & DeHay, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Mason Don Page brought this action in the district court seeking to recover workmen's compensation benefits from Texas Employers Insurance Association, the insurance carrier for his employer, Preston State Bank. At the conclusion of plaintiff's evidence in the case tried before a jury the trial court sustained the defendant's motion for an instructed verdict and rendered judgment denying plaintiff any relief. From this judgment Page appeals contending that the trial court erred in granting an instructed verdict because (1) there was evidence of probative force that he had sustained an injury within the course of his employment and (2) there was evidence of probative force that the injury sustained was a producing cause of the loss of use of his right leg, and that each of these issues should have been submitted to the jury. We agree with appellant Page and reverse and remand the cause.

The facts are undisputed that appellant Page had been employed as a security guard at Preston State Bank in Dallas for sixteen years prior to December 2, 1974. Among other duties he was required each morning to walk from the main bank building, across its parking lot and driveway, to open the motor bank teller windows. On December 2, 1974, he arrived at the bank about 6:30 o'clock a. m., proceeded to the teller windows, opened the same and then started walking back to the main bank building. At that time he felt his right knee "buckle," and he fell striking his right knee, wrist and arm on the parking lot surface. He testified that he suffered pain as a result of this fall and immediately made his way to the bank building and reported what had happened to another security guard who made an entry in the log book and called Mr. Page's wife. Two fellow employees observed Page's knee when his pants leg was rolled up. The knee appeared bruised, swollen and skinned. Page was taken to see Dr. Gibbons by his wife on the same day of the accident and after an unsuccessful course of conservative treatment another doctor performed a total knee implant operation on August 12, 1975. Page testified that he had been unable to return to work since his action on December 2, 1974, because he was no longer able to do his normal duties.

Three and one-half years before the incident in question, Page had injured the same knee while working as a security guard for a different employer, during his vacation from Preston State Bank. As a result of that accident he missed work for four and one-half months. Upon his return to work he performed his normal duties as a security guard for Preston State Bank for the next three years. Although he received periodic medical treatment during this time, he missed only ten days sick leave from work. In November 1974 his doctor suggested that he take some time off work and stay of his feet. There had been some swelling in his knee, but this had receded, and he returned to work on December 2, 1974, the date he alleges he suffered the injury which is the basis of this case.

It is uncontroverted that the parking lot was an instrumentality essential to the business of the bank. The evidence is also uncontradicted that Page was in the course of his employment as he walked from the main bank building to the motor bank and back across the parking lot and driveway at the time he fell to his knee on the surface of the driveway. There was no evidence of anything unusual about the surface of the driveway. It was a flat hard surface.

In support of its motion for instructed verdict appellee Texas Employers Insurance Association contended that Page had failed to introduce any evidence of an accidental injury in the course of employment within the meaning of Tex.Rev.Civ.Stat.Ann. art. 8309, § 1 (Vernon 1967), in that the sole evidence is of the knee buckling which was caused by degenerative joint disease which did not originate or connect it with the employment with Preston State Bank.

Our review of the action of the trial court in directing a verdict is governed by well-established principles of law. Our supreme court has repeatedly held that it is error to instruct a verdict where the evi-

dence raises any material issue. In passing upon the question of the authority of the trial court to instruct the verdict, as was done in this case, we must consider evidence favorable to appellant Page and discard other evidence and inferences. A peremptory instruction is warranted only when the evidence is such that no other verdict should be rendered. Thus, where there is any conflicting evidence in the record of probative nature, a determination of the issue is for the jury. *Air Conditioning, Inc. v. Harrison-Wilson-Pearson,* 151 Tex. 635, 253 S.W.2d 422, 425 (1952); *White v. White,* 141 Tex. 328, 172 S.W.2d 295 (1943); *Stevens v. Karr,* 119 Tex. 479, 33 S.W.2d 725 (1930); *Allison v. Harrison,* 137 Tex. 582, 156 S.W.2d 137 (1941); *Hoover v. General Crude Oil Co.,* 147 Tex. 89, 212 S.W.2d 140 (1948).

Appellee Texas Employers Insurance Association does not question the validity of these well-established rules but attempts to justify the trial court's action in granting a peremptory instruction on the ground that the injury sustained by appellant Page when he fell to the pavement after his knee "buckled" was not such an accidental injury as contemplated by Tex.Rev.Civ.Stat.Ann. art. 8309, § 1 (Vernon 1967), which provides that the term "injury sustained in the course of employment" shall include

> . . . injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere.

It argues that the injuries sustained by Page were the results of an idiopathic fall to the level ground which did not rise out of the employment of the employee. The basic question, therefore, is whether appellant Page presented sufficient evidence to raise an issue of fact that his fall and resulting injuries were connected with and grew out of the conditions of his employment so as to bring himself within the provisions of the statute.

The supreme court in *Garcia v. Texas Indemnity Insurance Co.,* 146 Tex. 413, 209 S.W.2d 333 (1948) was confronted with a similar situation. There, the employee, a dock hand, fell on the dock during an epileptic seizure and struck his head against a sharp corner of a concrete post upon which steel edgings had been set to protect it from vehicles. The jury found that the injury sustained from the fall was the producing cause of the employee's death and also that the injury arose out of his employment. The supreme court stated the question to be: "Was there a causal connection between the conditions under which his work was required to be performed and his resulting injury, under article 8309, Vernon's Ann.Civ.St., . . . ?" In answer to the question, after reviewing decisions from other jurisdictions, the court said:

> Under the great weight of authority as represented by the above-cited cases as well as the better reasoning, we hold that Garcia's injuries arose out of his employment, because it had "causal connection with" his injuries, "either through its activities, its conditions, or its environments."

Applying this test, the supreme court held that there was sufficient evidence to justify the jury's findings that the injury did arise out of the employment of the employee because they were causally connected with conditions of his employment. Thus, the supreme court affirmed the judgment in favor of the employee.

Since the decision in *Garcia,* there have been three cases decided by courts of civil appeals, involving similar situations, and in each of the cases decided, the courts have upheld either jury findings or trial court findings supporting the employee's right to recover compensation. These cases are *General Insurance Corp. v. Wickersham,* 235 S.W.2d 215 (Tex.Civ.App.—Fort Worth 1950, writ ref'd n.r.e.); *American General Insurance Co. v. Barrett,* 300 S.W.2d 358 (Tex.Civ.App.—Texarkana 1957, writ ref'd n.r.e.) and the *Northern Assurance Co. v. Taylor,* 540 S.W.2d 832 (Tex.Civ.App.—Texarkana 1976), 1 Tex.Ct.Rep. 531.

In *Wickersham,* the employee fell to a hard tile floor, apparently as a result of a dizzy spell. Chief Justice McDonald of the Fort Worth Court of Civil Appeals reviewed the conflicting views of courts from other jurisdictions which had discussed the question and concluded that the injury was compensable not because of the extent or particular character of the hazard faced by the employee, but because such hazard did exist as one of the conditions of the employment. The court concluded that the trial court correctly decided the issue of fact in favor of the employee.

In *Barrett,* the factual situation presented in the trial court was strikingly similar to the facts in this case. There, the employee Barrett was leaving the premises of his employer when he felt that he was going to "black out" and then fell backwards, striking his head on the hard surface road which was on the company premises. Chief Justice Chadick of the Texarkana Court of Civil Appeals, in an exhaustive opinion, set forth in the margin a compilation of the divergent theories of the law from other jurisdictions. He concluded that the *Wickersham* opinion expressed the sound view of the law and should be adhered to in Texas although it is considered to be the minority view in the United States. The court then stated the rule which goes to the heart of this case:

> In the instant case it can be said that the hard-surface road was an instrumentality essential to the work of the employer and falling against it was a hazard to which Barrett was exposed because of his employment and injury and death came to him because he was then working in the course of his employment.

In *Taylor,* the employee, who had sustained a hernia which had been surgically repaired, returned to his duties driving a company pickup truck. He had returned to the company parking lot and as he attempted to dismount from the truck, put his left foot down on the pavement and sustained a sharp pain in his groin. He sustained a hernia which had to be surgically repaired. In a jury trial, judgment was rendered based upon the finding that he has sustained the injury within the course and scope of his employment. The court of civil appeals upheld this finding.

■ Appellee Texas Employers Insurance Association recognizes these cases as reflecting the law of Texas but argues that we should overrule these cases and follow cases from other jurisdictions cited by Larson in his work "The Law of Workmen's Compensation," Volume 1, §§ 12.00–12.14, pp. 3–209–231 (1976). We cannot agree with appellee. We think that the authorities cited express a sound and correct view of the law dealing with the factual situation presented to us.

The evidence presented by appellant Page clearly raises an issue of fact as to whether the injury sustained by him on the occasion in question grew out of and arose in his employment with his employer Preston State Bank. Consequently, the trial court erred in removing the case from the jury and holding, as a matter of law, that the employee could not recover. We sustain appellant's first point of error.

In his second point of error, appellant contends that the trial court erred sustaining defendant's motion for instructed verdict because there was evidence of probative force that the injury sustained by the appellant Page was the producing cause of the loss of use of his right leg which raised a fact issue for the jury.

Appellee seeks to defend the trial court's action by pointing to the fact that appellant's contention that the injury was the producing cause of his disability depends upon the testimony of appellant, his wife, and other lay witnesses as well as certain medical records introduced by the custodian of the records of the medical clinic. It argues that there was no direct expert medical testimony and, therefore, the trial court was justified in granting the motion for instructed verdict. We disagree.

■ The supreme court has held that the producing cause of the injury may be established by lay witnesses. *Griffin v. Texas Employers' Insurance Ass'n,* 450 S.W.2d 59

(1969). This rule is well-established in Texas that permanent disability, or any type of disability, may reasonably be inferred from circumstantial evidence produced by lay witnesses and this is true even though such evidence is contradicted by the testimony of medical experts. *Travelers Insurance Co. v. Wade,* 373 S.W.2d 881 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r.e.); *Travelers Insurance Co. v. Arnold,* 378 S.W.2d 78 (Tex.Civ. App.—Dallas 1964, no writ); *Texas Employers Insurance Ass'n v. Hoover,* 382 S.W.2d 174 (Tex.Civ.App.—Dallas 1964, writ ref'd n.r.e.); *Texas Employers' Insurance Ass'n v. Washington,* 437 S.W.2d 340 (Tex.Civ.App.—Dallas 1969, writ ref'd n.r. e.); *Hartford Accident & Indemnity Co. v. Williams,* 516 S.W.2d 425 (Tex.Civ.App.— Amarillo 1974, writ ref'd n.r.e.).

The testimony of the lay witnesses in this case was sufficient to present the issues of causation and extent of disability to the trier of fact and again the trial court erred in sustaining the motion for instructed verdict.

The judgment of the trial court is reversed and the cause is remanded for new trial.