**TRANSPORT INSURANCE COMPANY, Appellant,**

v.

**Thomas J. GARCIA, Appellee.**

No. 17322.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 29, 1979.

Rehearing Denied April 26, 1979.

Butler, Binion, Rice, Cook & Knapp, Robert C. Floyd, William N. Blanton, III, Houston, for appellant.

Harvill & Hardy, Dale Harvill, Houston, for appellee.

Before PEDEN, EVANS and WALLACE, JJ.

PEDEN, Justice.

Transport Insurance Company, the compensation carrier, appeals from a judgment based on jury findings that Thomas J. Garcia is totally and permanently incapacitated as a result of an injury he received in the course of his employment. Transport asserts that 1) there is no evidence that Garcia is permanently incapacitated, 2) the evidence proves as a matter of law that Garcia was not totally and permanently disabled, 3) the evidence is factually insufficient to support the jury finding that his total incapacity was permanent, and 4) such jury finding is against the great weight of the evidence.

For the past eleven years, Garcia has been employed by Merchants Fast Motor Lines. His present position, as driver, requires that he pick up and deliver freight of all kinds, handle freight on Merchants' dock, and load and unload trailers. On August 25, 1976, Garcia injured his back while in the course and scope of employment. The following day, Garcia's employer sent him to an orthopedic surgeon, Dr. Robert J. Kilian, who examined him and said he felt that Garcia had a "lumbosacral sprain, low back pain, that was not of a surgical type nature." He tried bracing, physical therapy, exercise programs, muscle relaxants and pain pills. At Garcia's request, Dr. Kilian released him to return to light duty on October 14, 1976. In December, the doctor gave Garcia a full release, and he has been working steadily ever since.

The appellant's first two points of error constitute assertions that there is no evidence that Garcia is totally and permanently incapacitated.

The trial court's charge correctly included this instruction: "The term 'total incapacity' does not imply absolute inability to perform any kind of labor, but means that one is disabled from performing the usual tasks of a workman, not merely the usual tasks of any particular trade or occupation, to such an extent that he cannot get and keep employment." In considering Transport's no evidence points, we review the evidence in the light most favorable to the jury's verdict and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965).

Garcia says that although he is working, he is not capable of performing his full duties, and his return to work was because of economic necessity. He has pain in his lower back and leg. At night he is troubled with muscle spasms. He has difficulty doing heavy lifting and must wear a back support. His condition, which is aggravated by lifting and bending, has not improved over the past two years.

Dr. Kilian last examined Garcia the day before trial. He testified that in his opinion Garcia had recovered as much as he was going to recover and that his work performance is limited by his injury. Further, Dr. Kilian testified that Garcia would not do as well as another worker where the job tasks require that he use his back to provide muscle power.

Frank Trevino, a long-standing friend of Garcia's, stated that after his injury Garcia demonstrated a great deal of pain when walking. He testified that Garcia cannot

lift as much as he used to, that Garcia has periods of depression, that his driving ability has been impaired, and that he complains of pain. We overrule Transport's first two points of error.

In points of error 3 and 4, Transport asserts that the evidence is insufficient to support a finding of permanent total incapacity and that this finding is against the great weight and preponderance of the evidence. In determining factual insufficiency of evidence points, we must consider all the evidence presented. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Willie Doolittle, Garcia's supervisor, testified that since returning in December of 1976, Garcia has worked without complaints. There was also evidence that previously, in 1972 and again in 1974, Garcia strained his back. Garcia testified that from 1974 until the incident in August of 1976, he had no trouble with his back. The report of Dr. Ainsworth, an orthopedic surgeon who also examined Garcia, stated that Garcia had "subjective tenderness in the lumbosacral area with very minor muscular tightness . . . X-ray studies carried out at that date (December 9, 1976) showed some posterior degenerative wedging of the lumbosacral interspace. I felt that perhaps this may be a factor in this long-standing recurrent problem with his low back."

There is no fixed rule by which claimant in a worker's compensation case is required to establish the fact that he has suffered an injury causing permanent disability. *Texas Employer's Insurance Ass'n. v. Washington,* 437 S.W.2d 340 (Tex.Civ.App.1969, writ ref. n. r. e.); *Traders & General Ins. Co. v. Daniel,* 131 S.W.2d 276 (Tex.Civ.App.1939, writ dism's. judgmt. cor.). Permanent disability may be inferred from circumstantial evidence produced by lay witnesses even though this evidence is contradicted by the testimony of medical experts. *Travelers Insurance Co. v. Wade,* 373 S.W.2d 881 (Tex.Civ.App.1963, writ ref. n. r. e.); *Texas Employer's Insurance Ass'n. v. Washington, supra.* Further, proof of duration and extent of a disability are, like the assessment of damages in a personal injury action, at best an estimate which must be determined by a jury from all of the pertinent facts before it. *Employers Reinsurance Corp. v. Jones,* 195 S.W.2d 810 (Tex.Civ.App.1946, writ ref. n. r. e.); *Texas Employer's Insurance Ass'n. v. Washington, supra.*

We cannot say that the jury's finding that Garcia's total incapacity is permanent was against the great weight and preponderance of the evidence.

Affirmed.