GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORP., LTD., Appellant,

v.

Mary REINA, Appellee.

No. 20124.

Court of Civil Appeals of Texas, Dallas.

Feb. 11, 1980.

Rehearing Denied March 14, 1980.

Charles L. Babcock, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellant.

Ronald R. Waldie, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and HUMPHREYS, JJ.

AKIN, Justice.

General Accident Fire and Life Assurance Corp., Ltd., a workers' compensation carrier, appeals from a judgment awarding plaintiff $28,000 upon a jury finding of total and permanent incapacity. We hold that there was no evidence to support the submission of an issue on total and permanent incapacity. We also hold that the trial judge erred in excluding certain deposition testimony of plaintiff's physician tendered by the insurance carrier as cross-examination. Accordingly, we reverse and remand.

Plaintiff was allegedly injured in the scope of her employment on April 20, 1977, when she picked up some wooden plaques and subsequently dropped them, striking her left knee and left great toe. She testified that she fell to the ground, sustaining an injury to her knee and foot. Her employer sent her to Dr. Bernard Weiner, who treated her for an injured toe and examined her knee. Dr. Weiner testified that plaintiff made no mention of an injury to her back at the time she was seen by him, which testimony plaintiff disputed. She did testify at trial that she felt a twinge of pain in her back which caused her to drop the plaques. Later, she was referred by her attorney to Dr. Howard Y. Sigler. When the insurance carrier declined to pay the amount demanded by plaintiff, this litigation ensued. Trial was to a jury which awarded plaintiff $28,000 for total and permanent disability. The defendant appeals.

The insurance carrier first asserts that the court erred in submitting to the jury an issue on total and permanent inca-

pacity because no evidence was introduced to support the submission of the issue. We agree. Plaintiff concedes that the testimony of her treating physician, Dr. Sigler, did not present evidence of permanent and total incapacity, but she argues that this evidence was presented by her own testimony and that of two lay witnesses. In this respect, appellee testified that on the 20th day of April, 1977, while working on her job, she picked up some boards and felt a sharp pain in her back and fell down and her back started hurting. She testified that she tried to go back to work after her injury but couldn't stay because her back and side hurt too much. Appellee said that she attempted to work for another company as a seamstress, but she couldn't do the work because standing up all day was too painful. She also testified that she made application for other jobs since this accident, but no one would hire her because she had a back injury and because she had no training for any type of skilled labor. Further testimony by appellee asserted that she could not perform labor at the time of the trial and that she was advised by her treating physician that she was unable to work. Two lay witnesses testified that plaintiff was formerly a good housekeeper and a good worker, but that because of her injury she was no longer able to perform these functions.

█ Plaintiff also testified that Dr. Sigler, her physician, told her she was permanently disabled. Although defendant failed to object to this testimony, it is hearsay and will not support a judgment for total and permanent incapacity. *Aetna Insurance Co. v. Klein*, 160 Tex. 61, 325 S.W.2d 376, 379 (1959). The remaining testimony presents evidence of incapacity, but is not evidence of total and permanent incapacity. Testimony as to present incapacity provides no basis for an inference that the incapacity will exist during the remainder of appellee's lifetime. Thus, it is "no evidence" of *total and permanent* incapacity and cannot support the submission to the jury of an issue on permanent and total incapacity. Consequently, the trial judge erred in submitting the issue and in refusing to disregard the jury's finding on this issue.

Defendant next argues that the trial judge erred in refusing the tender of certain deposition testimony of plaintiffs' physician, Dr. Sigler, which was offered as cross-examination of Dr. Sigler. The dispute with respect to this tendered testimony first occurred after plaintiff's attorney had tendered into evidence the testimony of Dr. Sigler in response to written interrogatories propounded by plaintiff. After the admission of Dr. Sigler's answers to these interrogatories defendant moved the court to permit him to read into evidence as cross-examination certain questions and answers of Dr. Sigler in his deposition, which had been taken at the instance of defendant. Plaintiff's attorney objected and the trial judge denied the motion.

Later, after both parties had rested, on rebuttal plaintiff read into evidence certain questions to and answers of Dr. Sigler given in his deposition. Again defendant attempted to offer as cross-examination questions and answers given on deposition by plaintiff's witness, Dr. Sigler, and again plaintiff's attorney objected on the ground that if defendant tendered the testimony, defendant would be calling Dr. Sigler as a defense witness, thus being bound by Sigler's testimony. In response, defendant's attorney stated to the trial judge: "I would like to read to the jury as part of my cross-examination of this witness, the excluded portions. I would not like to be in the position of . . . calling Dr. Sigler, myself, and thereby having to vouch for his credibility." The trial judge refused, however, to permit defendant to read Dr. Sigler's testimony as cross-examination, although it was clear that Dr. Sigler was plaintiff's witness. We hold that in both instances the refusal to allow defendant to read a portion of Dr. Sigler's deposition as cross-examination was reversible error.

The specific complaint with respect to the tender of Dr. Sigler's testimony by the defendant is that it was sought to be introduced as cross-examination, without the defendant adopting Dr. Sigler as defendant's

own witness and without vouching for his credibility. This is true because the trial judge indicated that she would admit this testimony but only as if the defendant had called Dr. Sigler as a witness for the defendant. We hold that the trial judge erred in refusing this testimony as cross-examination.

■ The test with respect to whether a witness may be cross-examined depends upon whether the witness was presented initially as a witness in support of the opposite party's case. *Industrial Fabricating Company v. Christopher*, 220 S.W.2d 281, 288 (Tex.Civ.App.—Galveston 1949, writ ref'd n. r. e.). Here, clearly Dr. Sigler was the physician who examined plaintiff at the instance of her attorney and whose testimony on direct examination was introduced by plaintiff in support of her case. Consequently, it follows that Dr. Sigler was an adverse witness with respect to defendant. Thus, defendant had a right to cross examine Dr. Sigler as a matter of law.

■ With respect to the nature of cross-examination, it is immaterial whether it be in person, by cross-interrogatories, or by responses to questions on deposition. Furthermore, contrary to plaintiff's contention, it matters not which party initiates the taking of the deposition. In most cases, as here, a party initiates deposing witnesses for the other side as a valuable discovery tool and the fact that a party takes a witness' deposition is not determinative of whether the witness is his witness or whether the witness is adverse in the sense that the testimony supports the opposing party's claim. To hold as plaintiff would have us do would seriously hamper valid discovery necessary to proper preparation for trial and would be contrary to the proper administration of justice under our adversary system.

Reversed and remanded.