Mary REINA, Petitioner,

v.

GENERAL ACCIDENT FIRE AND LIFE
ASSURANCE CORPORATION,
LTD., Respondent.

No. B–9344.

Supreme Court of Texas.

Jan. 14, 1981.

Rehearing Denied Feb. 25, 1981.

Ronald R. Waldie, Dallas (amicus argued) Mark Smith, Lubbock, for petitioner.

Jackson, Walker, Winstead, Cantwell & Miller, Charles L. Babcock, Dallas, for respondent.

CAMPBELL, Justice.

This is a workers' compensation case. Based on a jury verdict of total and permanent incapacity, the trial court rendered judgment against Defendant General Accident Fire and Life Assurance Corporation, Ltd. The Court of Civil Appeals reversed the judgment of the trial court. 597 S.W.2d 10. We reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.

The questions presented by this case are whether: (1) there is any evidence to support the submission of an issue on total and permanent incapacity, and (2) General Accident was denied its right of cross-examination by the exclusion of certain deposition testimony.

## EVIDENCE OF TOTAL AND PERMANENT INCAPACITY

■ First, General Accident argues this Court does not have jurisdiction because the Court of Civil Appeals sustained an "insufficient evidence" point concerning the submission of an issue on total and permanent incapacity. We disagree.

The point states:

The trial court erred in submitting to the jury an issue on Appellee's alleged total and permanent incapacity as there was no evidence or insufficient evidence in the record which would support a jury verdict of total and permanent incapacity.

This is a "no evidence" point. "A contention that an issue should not have been submitted . . . because of the insufficiency of the evidence is subject to only one construction. It can mean only that there is no evidence to warrant submission of the issue. . . ." *Garza v. Alviar*, 395 S.W.2d 821, 824 (Tex.1965). *See* Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Texas L.Rev. 361 (1960).

Second, Ms. Reina argues that the Court of Civil Appeals erred in holding there was no evidence to support the submission of an issue on total and permanent incapacity. We agree with Ms. Reina.

■ To determine whether an issue should be submitted to the jury, we must apply the "no evidence" test. *Garza v. Alviar, supra.* In applying this test, we must consider only the evidence and reasonable inferences therefrom which viewed in its most favorable light supports Ms. Reina's contention that she is totally and permanently disabled, and we must reject all evidence and inferences to the contrary. *Biggers v. Continental Bus System*, 157 Tex. 351, 303 S.W.2d 359 (1957); *Garza v. Alviar, supra; Bounds v. Caudle*, 560 S.W.2d 925 (Tex.1977).

The evidence viewed in its most favorable light shows that on April 20, 1977, Ms. Reina picked up some wooden plaques, felt a sharp pain in her back and fell to the ground, injuring her foot, knee and back. She tried to go back to work after her injury but could not stand the pain in her back and side. Ms. Reina tried to work for another employer as a seamstress, but she could not do the work because standing up all day was too painful. She has applied for other jobs since her injury, but no one would hire her because she had a back injury. Ms. Reina testified that she could not perform labor at the time of the trial, that she has problems bending and stooping, and that she experiences continuous pain.

Dr. Howard Sigler testified that he would not pass Ms. Reina for a physical examination to go to work as an ordinary worker and that her "last examination did not reveal any essential improvement in her condition." In addition, two witnesses testified that Ms. Reina was previously a good housekeeper and a good worker, but because of her injury she was no longer able to perform these functions.

■ Proof of the duration and extent of a disability resulting from an injury is, like the assessment of damages in a personal injury action, at best an estimate which must be determined by a jury from all the pertinent facts before it. *Texas Employers' Insurance Ass'n v. Washington*, 437 S.W.2d 340 (Tex.Civ.App.—Dallas 1969, writ ref'd

n.r.e.); *Transport Insurance Co. v. Garcia,* 580 S.W.2d 96 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). A jury may reasonably infer permanent disability from circumstantial evidence produced by lay witnesses. This is true even if such evidence is contradicted by the testimony of medical experts. *Travelers Insurance Co. v. Wade,* 373 S.W.2d 881 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r.e.); *Texas Employers' Ass'n v. Washington, supra; Page v. Texas Employers' Insurance Ass'n,* 544 S.W.2d 452 (Tex.Civ.App.—Dallas 1976), aff'd, 553 S.W.2d 98 (Tex.1977). The issue as to disability may be established by the worker alone. *Insurance Company of Texas v. Anderson,* 272 S.W.2d 772 (Tex.Civ.App.—Waco 1954, writ ref'd n.r.e.).

■ We hold the jury could reasonably infer total and permanent incapacity from the circumstantial evidence produced by Ms. Reina. The issue on total and permanent incapacity is supported by some evidence.

### EXCLUSION OF DEPOSITION TESTIMONY

Ms. Reina read certain portions of Dr. Howard Sigler's deposition into evidence. General Accident attempted to read portions of his deposition into evidence as cross-examination but the trial court refused to permit the testimony to be read as cross-examination. The trial court had expressly stated that General Accident could introduce the evidence but not as cross-examination. The Court of Civil Appeals held this refusal to be reversible error. Ms. Reina argues the deposition testimony was cumulative of other testimony, and error, if any, was harmless.

■ We have reviewed the record and find that substantially all of the excluded testimony was elicited from other witnesses by direct or cross-examination. The exclusion of cumulative evidence is not reversible error. *Whitener v. Traders and General Insurance Co.,* 155 Tex. 461, 289 S.W.2d 233 (1956). Error, if any, in excluding Dr. Sigler's testimony was harmless because it was not reasonably calculated to cause nor did it probably cause the rendition of an improper judgment. Rule 434, Tex.R.Civ.P.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.