NUMBER 13-02-00105-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG






WALTER LYNN TOMLINSON, Appellant, 



v.




SHERRI TOMLINSON, Appellee.





 

On appeal from the 36th District Court of San Patricio County, Texas.





MEMORANDUM OPINION

Before Justices Yañez, Castillo and Garza

Opinion by Justice Garza


Introduction

 Walter Lynn Tomlinson ("Walter") appeals from a divorce decree awarding spousal maintenance to Sherri Tomlinson
("Sherri"). The sole issue is whether the trial court abused its discretion when it awarded spousal maintenance to Sherri. 
We affirm.

 After a twenty-eight year marriage, Sherri filed for divorce under the Texas Family Code. After the hearing, the Court
entered a Final Decree of Divorce, which made a division of the community estate and awarded Sherri monthly spousal
support in the amount of $2,000.00 for a period of three years. Walter claims the trial court abused its discretion in
awarding spousal support because: (1) there was insufficient evidence to establish that Sherri has an incapacitating physical
or mental disability; (2) there was insufficient evidence that Sherri sought suitable employment or attempted to develop the
necessary skills to become self-supporting while the divorce was pending; (3) Sherri received sufficient community
property to provide for her minimum reasonable needs; and (4) the award exceeds twenty percent (20%) of his average
gross monthly income. The trial court did not enter findings of fact regarding Sherri's spousal maintenance award. 

 Because this is a memorandum opinion, the detailed background and facts will not be included. Tex. R. App. P. 47.1. 

Standard of Review

 We review the trial court's decision to award spousal maintenance under an abuse of discretion standard. Lopez v. Lopez,
55 S.W.3d 194, 198 (Tex. App. - Corpus Christi 2001, no pet.) (citing Alexander v. Alexander, 982 S.W.2d 116, 119 (Tex.
App. - Houston [1st Dist.] 1998, no pet.)). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or
without any reference to guiding rules and principles. E.I. du Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549,558
(Tex. 1995) (citing Downer v. Aquamarine Operations, Inc., 701 S.W.2d 238, 241-42 (Tex 1985). The trial court does not
abuse its discretion if there is some evidence of a substantive and probative character to support the decision or if
reasonable minds could differ as to the result. In re Bertram, 981 S.W.2d 820, 826-27(Tex. App.-Texarkana 1998, no pet.)
(citing Woford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990)). Under the abuse of discretion standard, legal and factual
sufficiency of the evidence are not independent grounds for asserting error; however, they are relevant factors in assessing
whether the trial court abused its discretion. Pickens v. Pickens, 62 S.W.3d 212, 214 (Tex. App.-Dallas 1999, pet. denied). 
Absent a clear abuse of discretion, we do not disturb the trial court's decision to award spousal maintenance. In re
Marriage of Hale, 975 S.W.2d 694, 697 (Tex. App.-Texarkana 1998, no pet.). 

Spousal Maintenance

 The trial court may exercise its discretion to award spousal maintenance if the party seeking maintenance meets specific
eligibility requirements. See Tex. Fam. Code § 8.051 (Vernon Supp. 2003). When a divorce is sought in a marriage lasting
ten years or more, a spouse is eligible to seek spousal maintenance if the spouse lacks sufficient property to meet minimum
reasonable needs and cannot support himself or herself due to (1) an incapacitating physical or mental disability, (2) a child
in the home with a disability requiring substantial care and supervision, or (3) the lack of adequate earning ability. Id. at §
8.051(2). Generally, there is a presumption that maintenance is not warranted unless the spouse has been diligent in
seeking suitable employment or is developing skills necessary to become self-supporting. Id. at § 8.053. A spouse unable
to seek employment due to an incapacitating physical or mental disability, however, can rebut the presumption with proof
of his or her disability. Id at § 8.053(b). 

Incapacitating Physical or Mental Disability

 Walter's first sub-issue is that the trial court abused its discretion by awarding Sherri spousal maintenance because she
presented insufficient evidence to establish an incapacitating physical or mental disability. We disagree.

 Sherri has asthma, mitral valve prolapse, and panic anxiety disorder. She is a cancer survivor. She has had three surgical
procedures, including a modified mastectomy and the removal of her lympth nodes. Sherri has difficulty holding her arm
up because of the procedures. She also has a weak immune system and suffers from fatigue.

 Sherri's panic anxiety disorder causes her chest to tighten unexpectedly and her heart to race. She cannot drive during
these attacks. In particular, when Sherri drives on freeways or over bridges she hyperventilates and must pull off the road. 
She suffers from depression caused by her failing marriage, her son's illness and his drug addiction.

 Walter argues that Sherri's physical ability to work on a computer for several hours, perform household chores and do
some yard work proves that she is not incapacitated. This evidence, however, does not compel a finding that Sherri is able
to support herself.

 Walter further argues that Sherri failed to prove her physical and mental disabilities with medical records, diagnosis or
expert testimony. There is no statute requiring a spouse to present medical evidence to prove his or her disability. Pickens,
62 S.W.3d at 215. Testimony on incapacity need not be limited to experts; a fact finder may reasonably infer incapacity
from circumstantial evidence or the competent testimony of lay witnesses. Id.at 216 (citing Reina v. Gen. Accident Fire &
Life Assur. Corp., 611 S.W.2d 415, 417 (Tex. 1981)). The question of the extent and duration of incapacity is an issue that
can be answered by lay opinion and does not require medical testimony. Id. In fact, the testimony of the injured party will
support a finding of incapacity even if directly contradicted by expert medical testimony. Id. 

 We find that Sherri presented evidence sufficiently probative to support the trial court's conclusion that she suffers from
incapacitating physical and medical disabilities. Consequently, she rebutted the presumption that maintenance is not
warranted. Tex. Fam. Code Ann. § 8.053(b) (Vernon Supp. 2003). Walter's first sub-issue is overruled. We need not reach
Walter's second sub-issue, which claims Sherri did not overcome the presumption against maintenance. Tex. R. App. P.
47.1. 

Sufficient Community Property Received

 Walter's third sub-issue is that the trial court erred in granting Sherri spousal maintenance because she received sufficient
community property to meet her needs. He emphasizes that the divorce decree distributed over $180,000.00 in community
assets to Sherri and that a significant portion of that distribution was cash. Walter argues that Sherri's award of community
assets was more than sufficient to provide for her minimal reasonable needs for at least as long as the thirty-six (36) month
period over which spousal maintenance was awarded. Walter further argues that a thirty-six (36) month period is ample
time for Sherri to become employed and restructure her financial basis. 

The community property and liabilities apportioned to a spouse in a dissolution proceeding and the spouse's ability to meet
his or her needs independently are relevant factors that a trial court considers in determining the nature, amount, duration
and manner of periodic payments. Tex. Fam. Code Ann. § 8.052 (Vernon Supp. 2003). Our review of the record indicates
that the net community estate was divided fifty-fifty between Walter and Sherri. None of the assets were liquid except the
brokerage accounts, which totaled $75,000.00, and each spouse received one-half. There was evidence that the residence
awarded to Sherri needed repairs costing approximately $36,000.00. Furthermore, Sherri testified that her average monthly
expenses are $2,000.00. In sum, evidence of a substantive and probative character supports the trial court's decision to
grant Sherri maintenance payments in addition to her award of community property. There was no abuse of discretion. 
Walter's third sub-issue is overruled.

Excess Award

Walter's final sub-issue is that the maintenance award of $2,000.00 a month exceeds the maximum allowed under the
Family Code. A trial court may not order spousal maintenance that requires an obligor to make monthly payments more
than the lesser of: 1) $2,500.00; or 2) twenty percent (20%) of the spouse's average monthly gross income. Id. at § 8.055. 
Walter testified that his average monthly gross salaried income for the year 2001 was $9,800.00. Twenty percent of this
amount is $1,960.00. However, Walter also testified that in addition to this amount he has income in the form of payments
for a business that was sold during the marriage. From this additional source of income, he received $9,000.00 in July of
2001, $4,500.00 sometime between July and September 2001, and $4,500.00 in September 2001. After those payments, he
was owed $26,000.00, half of which was awarded to Sherri in the final divorce decree. Additionally, Walter received
overtime pay in the amount of $2,300.00 in October 2001. Twenty percent of this additional income averaged over three
years exceeds $40.00 per month. Accordingly, there was no abuse of discretion by the court in awarding $2,000.00 per
month in spousal maintenance. Walter's fourth sub-issue is overruled. 



Conclusion

 After reviewing all the evidence, we cannot say that the trial court abused its discretion in awarding Sherri spousal
maintenance. Walter's sole issue is overruled. 

 We affirm the trial court's final decree of divorce. 


DORI CONTRERAS GARZA, 

Justice 




Opinion delivered and filed

this 6th day of March 2003.