NUMBER 13-03-310-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

JOSE ANGEL ORTEGA, ET AL.,                                                Appellant,

v.

LPP MORTGAGE, LTD.,                                                             Appellee.
                                                                                                                                      

On appeal from the 206th District Court of Hidalgo County, Texas.
                                                                                                                      

O P I N I O N

Before Justices Yañez, Rodriguez and Garza 
Opinion by Justice Garza

          Appellants, Jose Angel Ortega, Rene Ortega, Mary C. Ortega, Rolando Ortega, and
David Ortega, challenge a final judgment entered in favor of appellee, LPP Mortgage, Ltd.,
denying appellants’ petition for an injunction and granting appellee’s claims for monetary
judgment on certain promissory notes, declaratory judgment, and attorney’s fees.


 
Because the jury charge used in this case contained an error that probably caused the
rendition of an improper judgment, we reverse the judgment and remand the cause to the
lower court for a new trial.
Background
          This case arises from a series of defaulted notes. In 1978, Jose Angel Ortega and
his son Rene Ortega formed Ortega Farms, a partnership created to conduct the business
of farming. On September 30, 1982, Jose Angel and Rene, as partners of Ortega Farms,
applied for a business loan from the United States Small Business Administration (“SBA”). 
The loan application was denied because Ortega Farms lacked adequate collateral. On
December 10, 1982, Jose Angel and his wife, Herlinda, executed two warranty deeds,
which purported to convey to Ortega Farms certain parcels of land known as Tract 1 and
Tract 2. The transfer was executed to improve the financial position of Ortega Farms and
to improve the likelihood of the partnership obtaining a loan. 
          In 1983, Ortega Farms obtained a loan of $105,000 from the First National Bank of
Mercedes. The loan was secured by a first and second lien on Tract 2 and Tract 1,
respectively. On May 24, 1984, Ortega obtained a loan of $114,000 from the SBA. This
loan was evidenced by a promissory note payable to the SBA (“Note 1”) and secured by
a deed of trust lien on Tract 1 and a separate deed of trust on Tract 2. The First National
Bank of Mercedes agreed to subordinate its pre-existing security interests in Tract 1 and
Tract 2 to the SBA’s deeds of trust. 
          Ortega Farms ceased making payments on Note 1 in 1997. On November 7, 2001,
appellee purchased Note 1 from the SBA. In the same month, appellee commenced
proceedings to foreclose on Tract 1 and Tract 2. Shortly after the foreclosure proceedings
commenced, appellants filed a petition for a permanent injunction against appellee and
asked the trial court for a temporary restraining order to prevent the scheduled foreclosure. 
Appellants argued that Tract 1 and Tract 2 were their homesteads and therefore exempt
from forced sale. The trial court granted the TRO, but it was subsequently overruled by
operation of law on December 4, 2001.
          On February 11, 2002, appellee filed a counterclaim seeking a judgment against
four of the appellants (the obligors) for amounts owed to appellee on five notes, including
Note 1. Appellee also asserted a counterclaim for a declaratory judgment that any
ownership or homestead rights held by appellants were after-acquired, subordinate, and
inferior to the liens held by appellee. On June 20, 2002, appellee non-suited its claim for
a money judgment on Note 1. On the same day, the trial court granted appellee’s motion
for partial summary judgment as to the amounts owed on the remaining four notes.



          Appellants’ claim for a permanent injunction and appellee’s counterclaim for a
declaratory judgment were then tried before a jury, which found that Tract 1 and Tract 2
were not the homestead of Appellant Jose Angel Ortega prior to the execution of Note 1.


 
A final judgment was then entered in favor of appellee. 
I. Exclusion of Testimony 
          In their first issue, appellants argue that the trial court erred by excluding certain
testimony by Jose Angel and Rene.
A. Standard of Review 
          The admission or exclusion of evidence is a matter within the trial court’s discretion. 
Norwest Mortgage, Inc. v. Salinas, 999 S.W.2d 846, 861 (Tex. App.—Corpus Christi 1999,
pet. denied) (citing City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995)). A
trial court abuses its discretion when it acts without regard for any guiding rules or
principles. Alvarado, 897 S.W.2d at 754. An appellate court must uphold the trial court’s
evidentiary ruling if there is any legitimate basis for the ruling, even if it was not previously
urged. See State Bar v. Evans, 774 S.W.2d 656, 659 n.5 (Tex. 1989). To obtain reversal
of a judgment based on error in the admission or exclusion of evidence, an appellant must
show that the trial court’s ruling “probably caused the rendition of an improper judgment.” 
Tex. R. App. P. 44.1(a). In making this determination, the appellate court must review the
entire record. See Alvarado, 897 S.W.2d at 754. Reversible error does not usually occur
in connection with rulings on questions of evidence, unless the appellant can demonstrate
that the whole case turns on the particular evidence admitted or excluded. See Texaco,
Inc. v. Pennzoil, Co., 729 S.W.2d 768, 837 (Tex. App.—Houston [1st Dist.] 1987, writ ref’d
n.r.e.) (citing Atlantic Mut. Ins. Co. v. Middleman, 661 S.W.2d 182, 185 (Tex. App.—San
Antonio 1983, writ ref'd n.r.e.)). The exclusion of evidence is harmless if the evidence is
merely cumulative of other evidence in the record. Reina v. Gen. Accident Fire & Life
Assurance Corp., 611 S.W.2d 415, 417 (Tex. 1981); see also Gee v. Liberty Mut. Fire Ins.
Co., 765 S.W.2d 394, 396 (Tex. 1989).
B. Analysis 
          In a single issue, appellants contend that the trial court erroneously excluded
testimony of Jose Angel and Rene, which should have been admitted as an admission by
a party opponent or as a statement against interest. See Tex. R. Evid. 801(e)(2)
(admission by party opponent), 803(24) (statement against interest). According to
appellants, the excluded testimony “showed that the deeds to the partnership were sham
transactions.” Appellants allege that Jose Angel and Herlinda transferred Tract 1 and Tract
2 to Ortega Farms only because the SBA refused to make or guarantee any loans until
such transfers were made. Appellants contend that the excluded testimony by Jose Angel
and Rene would have established the “facts and circumstances” preceding the transfers,
including the SBA’s role in necessitating and orchestrating the land transfers.
1. Testimony of Jose Angel 
          As a preliminary matter, we note that, at trial, appellants’ counsel failed to make an
offer of proof regarding the excluded testimony of Jose Angel. See Tex. R. Evid. 103(a)(2);
Akin v. Santa Clara Land Co., 34 S.W.3d 334, 339 (Tex. App.—San Antonio 2000, pet.
denied) (“The failure to make an offer of proof containing a summary of the excluded
witness’s intended testimony waives any complaint about the exclusion of the evidence on
appeal.”). Appellants argue that the testimony should have been admitted as an admission
by a party opponent or as a statement against interest, but those grounds were not argued
to the trial court. See Tex. R. App. P. 33.1(a)(1). Consequently, any error regarding the
exclusion of Jose Angel’s testimony has been waived, and this issue presents nothing for
appellate review. See In the Interest of C.J.B., 137 S.W.3d 814, 818 (Tex. App.—Waco
2004, no pet.) (holding that a “complaint [that] does not comport with the complaint raised
before the trial court . . . presents nothing for . . . [appellate] review”).
2. Testimony of Rene 
          Appellants’ counsel made an offer of proof regarding the exclusion of Rene’s
testimony and raises the same complaint on appeal that he made at trial: the testimony
should have been admitted as an admission by a party opponent or as a statement against
interest. See Tex. R. Evid. 801(e)(2), 803(24). Having reviewed the record, we cannot
conclude that the excluded testimony “probably caused the rendition of an improper
judgment.” See Tex. R. App. P. 44.1(a)(1). 
          In appellants’ offer of proof, Rene admits that he never directly discussed the
transfer of his parents’ property with the SBA. According to Rene’s testimony, he and his
father were trying to obtain a loan from the SBA in 1982 when they met with Rosario
Gomez, an employee of the local development council. Rosario helped Rene and his
father complete their loan application and other related paper work. During this process,
Rosario asked the men what they could offer as collateral for the loan. Rene initially
offered farming equipment, but Rosario objected, explaining that the equipment was
already encumbered by a lien. Rene then offered his father’s property, Tract 1 and Tract
2, as collateral. 
          Next, a meeting was arranged at a local restaurant between Rosario, Rene, Jose
Angel, and an SBA representative, Ramiro Valdez. During the meeting, Ramiro assured
the men: “We will try to help you somehow.” Ramiro and Rosario then moved to a part
of the restaurant where they “talked amongst themselves.” After the meeting, Rosario told
the Ortegas that the SBA would “[give] the okay” if the property were transferred to the
partnership. According to Rene, “[t]he man from the SBA” was the person “who first
brought up the transfer of the land”; however, on cross-examination, Rene admitted that
he was not part of the discussion between Ramiro and Rosario but had learned everything
through Rosario. In particular, Rene explained that “the man from the SBA” never told him
to transfer the property to the partnership.
          The excluded testimony by Rene is largely, if not entirely, cumulative of testimony
given by Jose Angel that was not excluded. On direct examination, Jose Angel gave the
following testimony:
          Q. [By appellants’ counsel] Can you describe why the land that you
previously discussed . . . was put into the partnership?
 
          A. In order to locate or find money and to be able to work for the land. 
 
          Q. And how was that done?
 
          A. The SBA would arrange the paperwork, and they worked that out,
some gentleman there named Ramiro Valdez and Rosario, I don’t recall very
well the name, Gomez. They worked out the paperwork and they would
send it and knew how things were.
 
This testimony tends to show the same facts that Rene’s excluded testimony would have
shown: the land was transferred in order to obtain a loan, and the SBA and Rosario
completed the paperwork related to the transaction. Reversible error cannot be predicated
on the exclusion of cumulative evidence. See Gee, 765 S.W.2d at 396; Reina, 611
S.W.2d at 417. Appellants’ first issue is overruled. 
II. Error in the Jury Charge
          In their second issue, appellants contend that the judgment should be reversed and
the cause remanded because the trial court erred by submitting jury question number one
as the first question and jury question number two as the second question. According to
appellants, the questions should have been submitted in reverse order and without any
conditional language.
A. Standard of Review 
           The goal of a jury charge is to submit the issues for decision logically, simply,
clearly, fairly, correctly, and completely, and the trial court has broad discretion in
accomplishing that end as long as the charge is legally correct. Hyundai Motor Co. v.
Rodriguez, 995 S.W.2d 661, 664 (Tex. 1999). A trial court must submit “such instructions
and definitions as shall be proper to enable the jury to render a verdict.” Tex. R. Civ. P.
277; see also Union Pac. R.R. Co. v. Williams, 85 S.W.3d 162, 166 (Tex. 2002). A party
is entitled to a jury question, instruction, or definition if the pleadings and evidence raise
an issue. Williams, 85 S.W.3d at 166 (citing Tex. R. Civ. P. 278). This is a substantive,
non-discretionary directive to trial courts, requiring them to submit requested questions to
the jury if the pleadings and any evidence support them. Elbaor v. Smith, 845 S.W.2d 240,
243 (Tex. 1992). A trial court’s error in refusing to submit a question is reversible if it
“probably caused the rendition of an improper judgment.” Tex. R. App. P. 44.1(a)(1). 
B. Analysis 
          Question number one asked, “Did Jose Angel Ortega own a ‘homestead’ interest
in Tract 1 and Tract 2 immediately preceding the execution of the Deeds of Trust in May
1984?” Question number two asked, “Did the Deeds to the Partnership constitute a
pretended sale involving any condition of defeasance?” The charge allowed the jury to
answer question number two only if it first answered “yes” to question number one. That
is, the jury could decide whether the deeds to the partnership executed in 1982 were part
of a pretended sale only if it first decided that Jose Angel had a homestead interest in
1984. 
          At trial, appellants objected to the ordering of the questions and to the conditional
language, but their objections were overruled. See Johnson v. Johnson, 869 S.W.2d 490,
492 (Tex. App.—Eastland 1993, writ denied) (“Under Tex. R. Civ. P. 274, the proper
method of preserving error as to a question, definition, or instruction actually submitted is
by objection, regardless of whether the issue is relied upon by the complaining party.”). 
The trial court also overruled appellants’ motion for a new trial, which argued, inter alia, that
the court erred by submitting questions one and two in reverse order.
          We agree with appellants and conclude that the jury charge was erroneous. The
jury could not answer question number one properly without first deciding question number
two. The answer to question number one depended on the answer to question number two
because whether Jose Angel had a homestead interest in 1984 (question number one)
depended, in part, on whether the 1982 transfers were valid (question number two). If, on
the one hand, the 1982 transfers were valid, then Jose Angel would not have had a
homestead interest in 1984 because Ortega Farms would have held legal title to the land. 
See First Interstate Bank v. Bland, 810 S.W.2d 277, 286 (Tex. App.—Fort Worth 1991, no
writ) (stating that only an owner of property can claim a homestead exemption). The
answer to question number one would therefore be “no.” If, on the other hand, the 1982
transfers were part of a pretended sale, Jose Angel could have had a homestead interest
in 1984 because he would not have been divested of legal title to the property. See Tex.
Const. art. XVI, § 50(c) (“All pretended sales of the homestead involving any condition of
defeasance shall be void.”). In such case, the answer to question number one could be
either “yes” or “no,” depending on whether the homestead interest survived until 1984. But
more importantly, if the deeds to the partnership were executed as part of a pretended
sale, the answer to question number one would be irrelevant. A pretended sale of the
homestead cannot transfer legal title. See id. If the deeds to the partnership were
executed as part of a pretended sale, the partnership could not have transferred any
interest in the property to the SBA or to appellee because the partnership would not have
had any legal interest in the property. Consequently, if the deeds to the partnership were
part of a pretended sale, appellee would have no legal interest in the property and could
not foreclose on it, regardless of whether Jose Angel had a homestead interest in 1984
(i.e., question number one). 
          In short, the jury charge put the cart before the horse: question number two should
have been asked first, followed by question number one. The trial court erred by ordering
the questions so that question number two could be answered only if question number one
were answered affirmatively. See Rosell v. Cent. W. Motor Stages, Inc., 89 S.W.3d 643,
653 (Tex. App.—Dallas 2002, pet. denied) (“controlling issues of fact must be submitted
to the jury”) (citing Wright Way Constr. Co. v. Harlingen Mall Co., 799 S.W.2d 415, 422
(Tex. App.—Corpus Christi 1990, writ denied) (op. on reh’g)). The error probably caused
the rendition of an improper judgment because the ordering of the questions and the jury
charge’s conditional language prevented the jury from answering a controlling issue that
could have changed the outcome of the case regardless of the jury’s answer to question
number one. See Tex. R. App. P. 44.1(a)(1). Accordingly, appellants’ second issue is
sustained. 
III. Factual Sufficiency
          In their third issue, appellants argue that the jury’s answer to question number one
was against the great weight and preponderance of the evidence and was manifestly
unjust. We will not decide this issue because the relief to which appellants would be
entitled if it were sustained (i.e., reverse and remand) is no greater than the relief already
granted to appellants. See Ames v. Ames, 776 S.W.2d 154, 158 (Tex. 1989) (stating that
court of appeals can reverse and remand for new trial if evidence is factually insufficient). 

IV. Statute of Limitations

          Appellants’ fourth issue on appeal contends that the trial court erred by refusing to
grant appellants’ motion for a directed verdict based on the statute of limitations. Under
appellate rule 38.1(h), “The brief must contain a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the record.” Tex. R. App.
P. 38.1(h). Appellants’ fourth issue is inadequately briefed because it is no more than a
contention. It asserts that appellee’s counterclaim was time-barred by the statute of
limitations but offers no “clear and concise argument” to support the assertion. See id. 
Appellant’s fourth issue presents nothing for this Court to review and will not be addressed. 
V. Conclusion
          Having sustained appellants’ second issue, this Court reverses the judgment of the
trial court and remands the cause for further proceedings consistent with this opinion.  
                      
                                                                               _______________________
                                                                               DORI CONTRERAS GARZA,
                                                                               Justice
 
Opinion delivered and filed 
this the 10th day of February, 2005.