NUMBER 13-02-090-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


CHERYL ANN SMITH, Appellant,


v.



GARY SMITH, Appellee.

 


On appeal from the 197th District Court of Cameron County, Texas.


 


O P I N I O N



Before Justices Hinojosa, Yañez, and Castillo


Opinion by Justice Yañez
 


 Cheryl Smith, appellant, challenges the trial court's award of spousal maintenance
to Gary Smith, appellee, in their divorce. Appellant's brief raises one main issue on appeal,
whether the trial court erred in awarding spousal maintenance, and four underlying sub-issues attacking the trial court's findings that: appellee lacks sufficient property to support
his minimum reasonable needs; appellee is unable to support himself through appropriate
employment; appellee suffered from an incapacitating physical disability; and there is a
causal link between his physical disability and his inability to support himself through
appropriate employment. We affirm.

Background 

 Cheryl and Gary Smith were married in 1984 and they separated in March 2001. 
Prior to the marriage, in 1974, Gary, had a cerebral aneurism. As a result of this aneurism,
the part of Gary's brain which controls fine motor movement on his right side was
destroyed. Therefore, Gary is unable to do anything with his right hand and experiences
severe headaches. There are days when he cannot do anything at all. 

 Cheryl knew of the disability at the time of the marriage. Gary's condition at the
present time is exactly the same as it was at the time of the marriage, with no change. 
They had an agreement, as stated by Cheryl, in her brief to this Court, that "Gary's
responsibility in the marriage was to take care of the parties' children from previous
marriages." Gary did not work outside the home during the marriage except as secretary
to a lodge, where he received $150 per month for bookkeeping activities. 

 Cheryl is employed by Valley Baptist Medical Center in Harlingen as a charge nurse. 
She earns gross wages of approximately $76,500 per year. 

 On October 18, 2001, the parties agreed to the property division. As part of this
property division, Gary received fifty percent of Cheryl's retirement benefits, fifty percent
of any savings accounts, and one-half of the cash surrender value of insurance policies,
if any. At the conclusion of the evidence, the court approved the property division
agreement and the judge ordered Cheryl to pay spousal maintenance in the amount of
$300 per month until Gary reaches the age of sixty-two, at which time he will become
eligible to receive social security retirement benefits. It is from that order requiring
appellant to pay spousal maintenance that this appeal ensues.

Standard of Review

 We review the trial court's decision to award spousal maintenance under an abuse
of discretion standard. Amos v. Amos, 79 S.W.3d 747, 749 (Tex. App.- Corpus Christi
2002, no pet.); Alexander v. Alexander, 982 S.W.2d 116, 119 (Tex. App.- Houston [1st
Dist.] 1998, no pet.). The trial court abuses its discretion when it acts arbitrarily or
unreasonably or without any reference to guiding rules and principles. See E.I. du Pont
de Nemours & Co. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995). However, the trial court
does not abuse its discretion if there is some evidence of a substantive and probative
character to support the decision or if reasonable minds could differ as to the result. Lopez
v. Lopez, 55 S.W.3d 194, 198 (Tex. App. - Corpus Christi 2001, no pet.); In re Bertram,
981 S.W.2d 820, 826-27 (Tex. App.- Texarkana 1998, no pet.). In making a determination
as to whether the trial court abused its discretion, the appellate court must view the
evidence in the light most favorable to the action of the trial court and indulge every legal
presumption in favor of the judgment. Bertram, 981 S.W.2d at 826-27. Absent a clear
abuse of discretion, we do not disturb the trial court's decision to award spousal
maintenance. Amos, 79 S.W.3d at 749; Lopez, 55 S.W.3d at 198; In re Hale, 975 S.W.2d
694, 698 (Tex. App.- Texarkana 1998, no pet.). Deciding what the minimum reasonable
needs are for a particular individual is a "fact-specific determination that should be made
by the trial court on a case-by-case basis." Lopez, 55 S.W.3d at 198; Hale, 975 S.W.2d
at 698. 

Spousal Maintenance

 The appellant argues that the court abused its discretion in awarding spousal
maintenance.

 Section 8.051 of the family code provides that a trial court may order spousal
maintenance if:

 the duration of the marriage was 10 years or longer, the spouse seeking
maintenance lacks sufficient property, including property distributed to the
spouse under this code, to provide for the spouse's minimum reasonable
needs . . . and is unable to support himself or herself through appropriate
employment because of an incapacitating physical or mental disability . . . or
clearly lacks earning ability in the labor market adequate to provide support
for the spouse's minimum reasonable needs, as limited by Section 8.054.


Tex. Fam. Code. Ann. § 8.051 (Vernon Supp. 2003)

 The trial court filed findings of fact and conclusions of law. It is well accepted that
findings of fact in a case tried to the court have the same force and dignity as a jury's
verdict. Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991); Amos, 79
S.W.3d at 749. The trial court's findings of fact which are relevant to the issue of spousal
maintenance are:

 (5) Gary Smith suffered an aneurism in 1974, which left him physically
disabled.


 (6) Gary Smith has not had any employment of consequence since 1974 as
a result of such disability.


 (7) Gary Smith is unable to support himself through appropriate employment
because of this incapacitating physical disability.


 (8) Gary Smith is unable to satisfy the presumption contained in § 8.004,
Texas Family Code, because of an incapacitating physical disability.


 (9) Gary Smith's disability will continue for the indefinite future.


 (10) As a result of this physical disability, Gary Smith clearly lacks earning
ability in the labor market adequate to provide support for his minimum
reasonable needs.


 (11) Gary Smith's ability to provide for his minimum reasonable needs
through employment is substantially or totally diminished because of this
physical disability.


 (12) Gary Smith will be 62 years old, and qualify for Social Security
payments, on November 22, 2010.


 (13) The award of maintenance payable by Cheryl Smith to Gary Smith from
November 1, 2001 to December 1, 2001 is the shortest reasonable period
that allows Gary Smith to meet his minimum reasonable needs. (1)


 (14) Gary Smith and Cheryl Smith were married on May 15, 1984.


 (26) Prior to their separation, Gary Smith and Cheryl Smith were married and
lived together as husband and wife for approximately 16 years and 9 months.


 (27) Gary Smith and Cheryl Smith ceased to live together as husband and
wife on March 6, 2001.


 (29) Gary Smith's only source of income is Social Security disability
payments in the gross amount of $1,400 per month.


 (30) Gary Smith's net disposable income is approximately $1,176 per month.


 (31) Cheryl Smith is employed by Valley Baptist Medical Center in Harlingen,
Texas as a charge nurse, and earns a gross income of $5,953.17 per month.

 

 (34) The difference between Cheryl Smith's net disposable income and
monthly living expenses is approximately $2,287 per month, which sum
Cheryl Smith either saves or contributes to her retirement plan.


 (39) The sum of $300 per month payable by Cheryl Smith to Gary Smith as
maintenance, as that term is defined by § 8.001, Texas Family Code, will
provide for the minimum reasonable needs of Gary Smith, considering Gary
Smith's employment and property received during the marriage and
otherwise owned by Cheryl Smith.

Sub-issue 2

 Appellant's second sub-issue alleges error as to the trial court's finding that Gary
is unable to support himself through appropriate employment. Gary testified that he could
not return to his former job as a cash register and typewriter repairman due to his disability. 
We note that there is a general presumption that maintenance is not warranted unless the
spouse has been diligent in seeking suitable employment or is developing skills necessary
to become self-supporting. Tex. Fam. Code Ann. § 8.053(a) (Vernon Supp. 2003). 
However, this presumption does not apply to a spouse, such as Gary Smith, who is unable
to seek employment due to an incapacitating physical or mental disability. Tex. Fam. Code
Ann. § 8.053(b) (Vernon Supp. 2003). In such a situation, the court may order spousal
maintenance for a period longer than three years. Tex. Fam. Code Ann. § 8.054(b)
(Vernon Supp. 2003); Pickens, 62 S.W.3d at 215.

 The evidence presented at trial was conflicting. Cheryl testified that, in her opinion,
Gary could work if he wanted to. Cheryl testified that he's been studying the stock market
for fifteen years or so, and that he said he would always like to be a broker. She stated,
"anyone can sell." Gary stated he has been unable to hold down a job since 1985. The
only gainful employment Gary has held is a position as the secretary of a lodge from which
he receives $150 per month as gross income. The reviewing court must not substitute its
judgment for the trial court's judgment unless the trial court's order is so arbitrary,
unreasonable, or based upon so gross and prejudicial an error of law as to establish abuse
of discretion. Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002) (citing Walling
v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993) (per curiam)). "The trial court does not abuse
its discretion if there is some evidence of a substantive and probative character to support
the decision or if reasonable minds could differ as to the result." Lopez, 55 S.W.3d at 198;
Bertram, 981 S.W.2d at 826-27. Therefore, the evidence is sufficient to support the trial
court's findings.

Sub-issue 1

 Cheryl's first sub-issue argues that the trial court erred in granting Gary spousal
maintenance because he received sufficient community property to meet his needs. Gary
testified at trial that he received between $1,300 and $1,433 per month in social security
disability income. In addition, Cheryl emphasizes that the divorce decree distributed to
Gary: over $1,200 from the sale of the marital residence; some amount of cash surrender
value of more or less than $168.85 from a life insurance policy; and retirement benefits of
$32,568.64. She argues that the awards should be more than sufficient to meet Gary's
minimal reasonable needs for at least as long as the nine-year period over which spousal
maintenance was awarded.

 The community property and liabilities apportioned to a spouse in a dissolution
proceeding and the spouse's ability to meet his or her needs independently are relevant
factors that a trial court considers in determining the nature, amount, duration, and manner
of periodic payments. Tex. Fam. Code Ann. § 8.052 (Vernon Supp. 2003). In finding of fact
39, the trial court found that, "considering Petitioner's employment," the "property received"
was insufficient to meet his minimal reasonable needs and an award of spousal
maintenance was awarded. In addition, the retirement distribution will not be available until
Cheryl retires. Therefore, the evidence was sufficient to support the trial court's findings.

Sub-issue 3

 Appellant argues in her third sub-issue that the trial court abused its discretion in
awarding spousal maintenance because he did not meet specific eligibility requirements. 
Appellee sought maintenance on the basis of physical disability. Therefore, the criteria for
an award of maintenance is as follows:



 The duration of the marriage was 10 years or longer;


 


 The spouse seeking maintenance lack sufficient property to meet his
minimum reasonable needs; and


 


 The spouse seeking maintenance is unable to support himself through
appropriate employment because of an incapacitating physical or mental
disability.


 

Tex. Fam. Code Ann. § 8.051(2) (Vernon Supp. 2003). Relevant factors to consider in
determining the nature, amount, duration, and manner of periodic payments are listed in
the family code. See Tex. Fam. Code Ann. § 8.052 (Vernon 2003). 

 The testimony at trial established that Gary and Cheryl Smith had been married for
more than ten years. In addition, the testimony at trial established that, due to his
disability, Gary was unable to hold employment. The testimony at trial showed that,
although he may have some computer skills, Gary does not have a marketable skill
because computer tasks take him "forever" to complete and he is "too slow." Therefore,
the evidence is sufficient to support the trial court's findings. 

Sub-issue 4

 Appellant's fourth sub-issue addresses whether the trial court erred in finding a
causal link between Gary's disability and his inability to support himself. Gary testified at
trial that his disability affects him in that the portion of his brain that was destroyed is about
the size of a quarter. He stated that the destroyed area controls the fine motor movements
on his right-hand side. Therefore, he cannot effectively utilize his right hand and cannot
write. He also testified that he suffers from severe headaches. Gary stated his disability
prevents him from working in his former occupation as a cash register and typewriter
repairman.

 Gary later testified that he does some computer-related work on behalf of the
Masonic lodge. He said he keeps records of all the members and types up the minutes
of the meetings using the computer, which typically takes him an hour to an hour and a half
to type up a one page document. Therefore, he testified that, in his opinion, his computer
skills are not marketable. Gary said he does not feel an employer would pay him for his
computer skills. In addition, Gary testified it takes him about three days to clean his house. 
Gary testified he does not feel his ability as a maid is a marketable skill. Furthermore, Gary
has mechanic's tools and uses them to repair his vehicle and do tune-ups. A typical tune-up of his car would take approximately four hours. Gary does not feel that his automotive
repair skills are a marketable skill.

 The evidence offered at trial by Cheryl was consistent with Gary's testimony
regarding his disability; however, her testimony conflicted with his as to whether he could
gain employment. Cheryl testified that Gary has been on disability for about twenty-five
years. She stated that, in her opinion, he could probably work if he wanted. She noted he
has been studying the stock market for fifteen years or so and that he said he would like
to be a broker. Cheryl testified that, in her opinion, he is fairly knowledgeable about the
stock market and, if he was a stockbroker, he could probably do something with the
knowledge. When asked if she thought Gary could sell insurance, she replied "anyone can
sell."

 A physical disability or incapacity need not be proven by medical evidence, but may
be inferred from circumstantial evidence or the competent testimony of lay witnesses. 
Pickens v. Pickens, 62 S.W.3d 212, 215-16 (Tex. App.-Dallas 2001, pet. denied); see
Reina v. Gen. Accident Fire & Life Assur. Corp., 611 S.W.2d 415, 417 (Tex. 1981) (no
medical evidence of disability required in case decided under former workers'
compensation statute). As stated in Pickens, "We find no authority directly addressing the
quantum of evidence required to prove incapacity in a spousal maintenance action." 
Pickens, 62 S.W.3d at 215. The question of the extent and duration of incapacity is an
issue that can be answered by lay opinion and does not require medical testimony. See
Pickens, 62 S.W.3d at 216; Reina, 611 S.W.2d at 417. Despite his disability, Gary did
housework and cared for Cheryl's children as well as his own during the marriage. In
addition, he did various tasks around the home as well as cleaning. He has computer
skills; however, it takes him a long time to complete a task, and he testified that, in his
opinion, it is an unmarketable skill. Because there was some evidence to support its
findings that Gary's disability is the causal link that results in his inability to support himself
through appropriate employment, the trial court did not abuse its discretion. See Lopez,
55 S.W.3d at 198; Dennis v. Smith, 962 S.W.2d 67, 68 (Tex. App.-Houston [1st Dist.]
1997, writ denied); Holley v. Holley, 864 S.W.2d 703, 706 (Tex. App.-Houston [1st Dist.]
1993, writ denied).

 After reviewing the evidence presented, we conclude that the record contains
evidence of Gary Smith's abilities, financial concerns, and business opportunities. Based
on this evidence, we hold that the trial court could properly determine Gary Smith's
reasonable minimum needs. The requirements of Texas Family Code section 8.051 have
been met in this case. See Tex. Fam. Code Ann. § 8.051(2) (Vernon Supp. 2003).
Accordingly, we hold that the trial court did not abuse its discretion in awarding spousal
maintenance and we overrule appellant's main issue, including the four sub-issues.

 We affirm the judgment of the trial court.


 LINDA REYNA YAÑEZ Justice



Opinion delivered and filed this the

29th day of August, 2003.

1. The trial court's finding of fact number 13 states that the minimum reasonable time period for
the maintenance award is from November 1, 2001 to December 1, 2001. Cheryl concedes that this is a
typographical error and that the correct ending date in the trial court's award should be December 1, 2010.