Opinion issued April 20, 2006








     










In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01126-CV




LYNNE DAWN STEWART, Appellant

V.

DARRELL LYNN STEWART, Appellee




On Appeal from the 387th District Court
Fort Bend County, Texas
Trial Court Cause No. 03-CV-129,234




MEMORANDUM OPINION
          Appellant, Lynne Dawn Stewart, challenges the trial court’s spousal
maintenance award ordering appellee, Darrell Stewart, to pay $1,000 per month for
twelve months to appellant. Appellant brings one issue for review: whether the trial
court abused its discretion in limiting the duration of spousal maintenance to twelve
months where the spousal maintenance was awarded because of an incapacitating
physical disability. We affirm.
BACKGROUND
          Appellant and appellee married on February 19, 1994, and separated on March
17, 2003. Appellant filed for divorce on April 1, 2003, and after a bench trial, the
court signed a final divorce decree on September 7, 2004. In addition to dividing the
marital property of the parties, the decree ordered appellee to pay spousal
maintenance of $1,000 per month to appellant for twelve months, beginning
September 1, 2004. The order was made specifically pursuant to section 8.054(b) of
the Texas Family Code.


 
          In 1989, prior to marriage, appellant was diagnosed with reflex sympathetic
dystrophy (“RSD”), resulting from an on-the-job-injury. Appellant’s RSD affects her
central nervous system and causes severe, chronic pain in her neck, back, legs, and
arms. Appellant’s disability has continued throughout the marriage and is expected
to persist permanently. She also suffers from chronic depression. Due to her
condition, appellant receives monthly disability and long term disability benefits of
$1,100 and $300 respectively, and at the age of 65, the $300 per month long term
disability will cease and be replaced by $300 per month retirement benefits. 
DISCUSSION
          In appellant’s sole issue for review, she contends the trial court abused its
discretion in limiting the duration of spousal maintenance to a period of twelve
months where the spousal maintenance was awarded because of an incapacitating
physical disability. Specifically, appellant contends the trial court abused its
discretion because (1) section 8.054(b) of the Texas Family Code directs a trial court
to order spousal maintenance for an indefinite period as long as the disability
continues and (2) the testimony adduced at trial established that appellant was
permanently disabled. 
          We review the award of spousal maintenance under an abuse of discretion
standard. Dunn v. Dunn, 177 S.W.3d 393, 396 (Tex. App.—Houston [1st Dist.] 2005,
pet. denied) (citing Pickens v. Pickens, 62 S.W.3d 212, 214 (Tex. App.—Dallas 2001,
pet. denied)). A trial court abuses its discretion when it rules arbitrarily,
unreasonably, without regard to guiding legal principles, or without supporting
evidence. Id. However, a trial court does not abuse its discretion if there is some
evidence of a substantive and probative character to support the decision or if
reasonable minds could differ as to the result. Smith v. Smith, 115 S.W.3d 303, 305
(Tex. App.—Corpus Christi 2003, no pet.). Absent a clear abuse of discretion, an
appellate court will not disturb the trial court’s decision to award spousal
maintenance. Id. at 306. Under the abuse of discretion standard, legal and factual
sufficiency of the evidence are not independent grounds for asserting error, but they
are relevant factors in assessing whether the trial court abused its discretion. Pickens,
62 S.W.3d at 214.
          Here, appellant attacks only the factual sufficiency of the evidence, not the
legal sufficiency. When reviewing the factual sufficiency of evidence, we examine
all of the evidence and set aside a finding only if it is so against the great weight and
preponderance of the evidence that it is clearly wrong and unjust. Dunn, 177 S.W.3d
at 397 (citing Seidel v. Seidel, 10 S.W.3d 365, 368 (Tex. App.—Dallas 1999, no
pet.)). 
          Appellant first asserts that the trial court abused its discretion by failing to
correctly apply section 8.054 of the Texas Family Code. Appellant contends that
section 8.054 mandates that a trial court award spousal maintenance for an indefinite
period once the disabled spouse establishes his or her disability. See Act of June 14,
2001, 77th Leg., R.S., ch. 807, 2001 Tex. Gen. Laws 1574 (amended 2005) (current
version at Tex. Fam. Code Ann. § 8.054(b) (Vernon Supp. 2005)). We disagree.
          At the time of trial, section 8.054 provided as follows:
[i]f a spouse seeking maintenance is unable to support himself or herself
through appropriate employment because of an incapacitating physical
or mental disability, the court may order maintenance for an indefinite
period for as long as the disability continues. The court may order
periodic review of its order, on the request of either party or on its own
motion, to determine whether the disability is continuing. The
continuation of spousal maintenance under these circumstances is
subject to a motion to modify as provided by Section 8.057.

Id. (emphasis added). The primary duty of any court in construing a statute is to
effectuate the intent of the legislature. Seay v. Hall, 677 S.W.2d 19, 25 (Tex. 1984). 
Legislative intent should be determined by examining the language used in the
statute. Jones v. Del Andersen & Assocs., 539 S.W.2d 348, 350 (Tex. 1976). Each
statute should be read as if every word, phrase, and expression were chosen for a
purpose. Neurobehavioral Assocs., P.A. v. Cypress Creek Hosp., Inc., 995 S.W.2d
326, 330 (Tex. App.—Houston [1st Dist.] 1999, no pet.).
          The statute clearly states that the trial court “may” order maintenance for an
indefinite period. Act of June 14, 2001, 77th Leg., R.S., ch. 807, 2001 Tex. Gen.
Laws 1574 (amended 2005) (current version at Tex. Fam. Code Ann. § 8.054(b)
(Vernon Supp. 2005)). The legislature has defined “may” as creating “discretionary
authority or grant[ing] permission or a power.” Tex. Gov’t Code Ann. § 311.016(1)
(Vernon 2005).


 If we were to adopt appellant’s construction, this would nullify the
inclusion of the word “may.” Because we read each word in a statute as if it were
chosen for a purpose, we disagree with appellant’s construction of section 8.054 of
the Texas Family Code. We construe “may order maintenance for an indefinite
period” as allowing the trial court to award spousal maintenance for any definite
period up to an indefinite period. See Smith, 115 S.W.3d at 309-10 (upholding an
award of spousal maintenance to disabled husband for nine years). Section 8.054
provides the trial court with the discretion to determine the duration of spousal
maintenance; thus, we conclude that the trial court did not incorrectly apply section
8.054 by failing to award spousal maintenance for an indefinite period.
          Appellant next contends that the trial court abused its discretion in failing to
award spousal maintenance for an indefinite period of time because the testimony
adduced at trial established that appellant was permanently disabled. Appellant
contends that because the evidence demonstrates appellant is permanently disabled
the trial court’s order limiting spousal maintenance to twelve months is against the
great weight and preponderance of the evidence.


 
          Appellant points to the following as evidence of her permanent incapacitating
physical disability: (1) appellant’s testimony that she was disabled from RSD, (2) the
RSD affects her neck, back, legs, and arms, (3) she has difficulty walking, (4) she has
difficulty sitting for long periods of time, (5) the psychologist testified that
appellant’s RSD and depression render her unemployable and permanently disabled
because she cannot concentrate and suffers chronic pain, and (6) the medical reports
indicate her disability will persist for her lifetime and will require continuing medical
treatment. 
          In contrast, there was testimony from appellee that appellant engaged in all
sorts of everyday activities such as house cleaning, working with horses, lawn
mowing, and driving. A psychologist also testified that appellant is “not one of these
stereotypical disabled patients who lives a . . .‘disabled lifestyle.’” Finally, appellant
testified that she currently receives monthly disability and long term disability
benefits of $1,100 and $300 respectively, and at the age of 65, the $300 per month
long term disability will be replaced by $300 per month retirement benefits. Based
on the evidence before the trial court and the statutory directive allowing the trial
court to modify the spousal maintenance award under section 8.057 of the Texas
Family Code, we conclude that the trial court’s order limiting spousal maintenance
to twelve months is not so against the great weight and preponderance of the evidence
that it is clearly wrong and unjust. See Dunn, 177 S.W.3d at 397; see Smith, 115
S.W.3d at 305 (stating that a trial court does not abuse its discretion if there is some
evidence of a substantive and probative character to support the decision) . CONCLUSION
          Accordingly, we affirm the judgment of the trial court.
          
 
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Alcala.