

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00325-CV

Ruben Guadalupe **GALINDO**,
Appellant

v.

Tonya Sue **GALINDO**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-20303
Honorable Karen H. Pozza, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Marialyn Barnard, Justice
    Rebeca C. Martinez, Justice
    Patricia O. Alvarez, Justice

Delivered and Filed:  April 9, 2014

AFFIRMED IN PART; REVERSED AND RENDERED IN PART

This is an appeal from a final divorce decree and a temporary order pending appeal. Appellant Ruben Guadalupe Galindo ("Ruben") raises three issues, contending the trial court erred by: (1) ordering Ruben to pay spousal maintenance to appellee Tonya Sue Galindo ("Tonya");[1] (2) ordering Ruben to pay Tonya's trial attorney's fees; and (3) assessing attorney's fees against Ruben in the temporary order.[2]  We affirm the trial court's judgment as to the final decree of

---

[1] Tonya did not file an appellee's brief.
[2] The temporary order for attorney's fees was granted by Judge Michael Mery.

divorce. However, we reverse that portion of the trial court's temporary order awarding Tonya appellate attorney's fees, but affirm the remainder of the temporary order.

## BACKGROUND

Ruben and Tonya were married in 1993. They had one child prior to marriage, and two children during the marriage – one of whom is a minor. Although Ruben has a career in law enforcement, Tonya has a ninth grade education and has not worked outside the home since 1996. Tonya focused on raising the couple's children rather than working outside the home. Additionally, Tonya's ability to work outside the home has been impeded by a physical ailment.

Tonya began receiving treatment in the late 1990s for what was later diagnosed as a "neuromuscular disorder of the intestinal tract." Tonya's disorder has resulted in multiple hospitalizations for the sudden onset of symptoms, including: severe abdominal pain, vomiting, uncontrolled bowel movements, and immobility. Because of the unpredictable nature and severity of her symptoms, Tonya's ability to sustain outside employment is uncertain. However, Tonya has not filed for social security disability, despite a treating physician's recommendation that she do so; she does not consider herself disabled.

After dealing with increasingly strained marital relations that resulted in multiple police dispatches to the couple's home, the Galindos separated in 2011. Ruben filed for divorce shortly thereafter citing insupportability of the marriage, which Tonya countered with a petition for divorce citing cruel treatment as an additional ground for divorce. Although the Galindos agreed to terms for the possession of their minor child, both sought a disproportionate award of the community estate. Tonya also sought spousal maintenance.

After a bench trial, the trial court divided most of the community estate evenly between Ruben and Tonya. However, the trial court found Tonya disabled due to her intestinal disorder

and ordered Ruben to pay her spousal maintenance. The trial court also ordered Ruben to pay Tonya's trial attorney's fees. Ruben perfected this appeal.

After Ruben perfected this appeal, Tonya filed a motion for temporary orders pending appeal seeking various forms of interim relief, including payment of her appellate attorney's fees by Ruben. *See* TEX. FAM. CODE ANN. § 6.709. The trial court granted Tonya's requested relief and, among other things, ordered Ruben to pay her appellate attorney $1,000.00 in attorney's fees and expenses as well as $5,000.00 in fees in the event Tonya prevails on the appeal.

## ANALYSIS

As mentioned above, Ruben raises three issues on appeal, contending the trial court erred in ordering Ruben to pay: (1) spousal maintenance; (2) Tonya's trial attorney's fees; and (3) Tonya's appellate attorney's fees.

### *Spousal Maintenance*

Ruben contends the trial court abused its discretion when it ordered him to pay Tonya spousal maintenance after finding she "has an ongoing incapacitating physical disability." Specifically, Ruben contends the trial court erred because there is insufficient evidence that Tonya is disabled. He also argues the award is improperly indefinite with regard to how long the obligation is to continue.

We review the trial court's award of spousal maintenance for an abuse of discretion. *Diaz v. Diaz*, 350 S.W.3d 251, 254 (Tex. App.—San Antonio 2011, pet. denied). The legal and factual sufficiency of the evidence are relevant factors in assessing whether the trial court abused its discretion, but are not independent grounds for asserting error. *Id.* Accordingly, the trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision or if reasonable minds could differ as to the result. *Id.*

*Evidence of Disability*

Ruben's first contention is that the award of spousal maintenance is improper because there is insufficient evidence of Tonya's disability. We disagree. The Texas Family Code allows an award of spousal maintenance where the spouse seeking maintenance "is unable to earn sufficient income to provide for the spouse's minimum reasonable needs because of an incapacitating physical or mental disability." TEX. FAM. CODE ANN. § 8.051(2)(A). As noted by other Texas courts, there is "no authority directly addressing the quantum of evidence required to prove incapacity in a spousal maintenance action." *Pickens v. Pickens*, 62 S.W.3d 212, 215 (Tex. App.—Dallas 2001, pet. denied); *see also Smith v. Smith*, 115 S.W.3d 303, 309 (Tex. App.—Corpus Christi 2003, no pet.). Without a statutory requirement to the contrary, a fact finder may reasonably infer an individual's incapacity from circumstantial evidence or the competent testimony of a lay witness. *Pickens*, 62 S.W.3d at 215 (citing *Reina v. Gen. Accident Fire & Life Assur. Corp.*, 611 S.W.2d 415, 417 (Tex. 1981); *Smith*, 115 S.W.3d at 309. The extent and duration of incapacity is an issue that can be proven by lay opinion and does not require medical testimony. *See Pickens*, 62 S.W.3d at 216 (citing *Reina*, 611 S.W.2d at 417).

Here, Tonya's testimony supports the trial court's finding of incapacity. She testified she was diagnosed with a "neuromuscular disorder of the intestinal track" in the year 2000. According to Tonya, the disorder causes her to "get severe pain in the upper gut area, and it is so bad that I just start vomiting and going to the bathroom and can't move . . . I just have to go to the hospital." Along with the sudden onset symptoms, Tonya testified she is always in at least moderate pain and suffers from anxiety. To treat her medical and psychological issues, she takes anxiety medication, ibuprofen, a muscle relaxer, and receives a "bilateral splanchnic nerve block," which is an injection used to treat her pain. According to Tonya, the nerve block alone impairs her for "[s]ometimes

two, three days, depend[ing] on how the nerve block went, how much medicine they had to give" her.

Although a small portion of Tonya's testimony belied the existence of a "disability,"[3] this testimony, when viewed in context, merely reflected Tonya's refusal to be labeled as "disabled." Because a fact finder could reasonably infer Tonya's incapacity from this evidence, we hold the substance of her testimony is such that she qualifies for spousal maintenance under section 8.051(2)(A). Accordingly, we overrule this portion of Ruben's first issue and hold there is sufficient evidence to support a finding of disability such that the trial court did not abuse its discretion in finding Tonya "has an ongoing incapacitating physical disability." *See Diaz*, 350 S.W.3d at 254.

*Indefinite Award of Maintenance*

Ruben next contends the trial court erred by awarding Tonya spousal maintenance for an indefinite period of time. As noted above, the trial court awarded Tonya spousal maintenance under Section 8.051(2)(A) based on her incapacitating, physical disability. *See* TEX. FAM. CODE ANN. § 8.051(2)(A). An indefinite award of spousal maintenance under section 8.051(2)(A) is permitted under section 8.054(b). *See* TEX. FAM. CODE ANN. § 8.054(b) ("The court may order maintenance for a spouse to whom Section 8.051(2)(A) or (C) applies for as long as the spouse continues to satisfy the eligibility criteria prescribed by the applicable provision."). Accordingly, we overrule this portion of the first issue.

---

[3] At various points in her testimony, Tonya asserted her belief that she is able to sustain employment and is not what she considers "disabled" – despite her physical issues. Tonya clarifies she is not disabled because "[t]o me disabled, I look at it is somebody that's handicapped or in a wheelchair or something like that, as to where . . . I look at it that I see somebody else needs disability more than myself, because when I'm not sick, I'm fine."

### *Trial Attorney's Fees*

Ruben next contends the trial court erred by awarding Tonya trial attorney's fees because the award gave her a disproportionate share of the marital estate. We disagree.

A trial court may apportion attorney's fees as part of the just and right division of property in a divorce action. *Ayala v. Ayala*, 387 S.W.3d 721, 733 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Phillips v. Phillips*, 296 S.W.3d 656, 671 (Tex. App.—El Paso 2009, pet denied). We review the trial court's division of the estate for an abuse of discretion. *See Monroe v. Monroe*, 358 S.W.3d 711, 719 (Tex. App.—San Antonio 2011, pet. denied).

Because it is presumed the trial court properly exercised its discretion in dividing the community estate, it must be shown from the record that the division was so disproportionate it constituted an abuse of discretion. *Id.* We consider every reasonable presumption in favor of the trial court's proper exercise of discretion in dividing the community estate. *Id.* In using its discretion to make a just and right division of the property, the trial court may consider the following factors: (1) the spouses' capacities and abilities; (2) benefits which the party not at fault would have derived from continuation of the marriage; (3) education; (4) business opportunities; (5) relative physical conditions; (6) relative financial condition and obligations; (7) disparity of ages; (8) size of separate estates; (9) the nature of the property; and (10) disparity in the spouses' income or earning capacity. *Id.* at 719–20; *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981).

Here, it is undisputed that Tonya has a ninth grade education and has not worked outside the home since 1996. Further, the trial court found Tonya is sufficiently disabled to receive spousal maintenance under section 8.051(2)(A). Given the presumption in favor of the trial court's discretion and Tonya's education level, employment history, and disability, when compared to Ruben's, we hold the trial court did not abuse its discretion in awarding Tonya attorney's fees as

part of its just and right division of property. *See Monroe*, 358 S.W.3d at 719. Accordingly, we overrule Ruben's second issue.

*Temporary Orders Pending Appeal*

In his final issue, Ruben contends the trial court improperly awarded Tonya appellate attorney's fees in the temporary order pending appeal because there was insufficient evidence to support the award. We agree.

A trial court is authorized to award appellate attorney's fees when it is necessary and equitable to protect the parties or preserve the property during the appeal. *See In re Garza*, 153 S.W.3d 97, 101 (Tex. App.—San Antonio 2004, no pet.); TEX. FAM. CODE ANN. § 6.709(a)(2). "As long as there is a credible showing of the need for [appellate] attorney's fees in the amount requested and the ability of the opposing spouse to meet that need, the trial court has authority by temporary orders to require payment of such fees." *Halleman v. Halleman*, 379 S.W.3d 443, 454 (Tex. App.—Fort Worth 2012, no pet.) (quoting *Herschberg v. Herschberg*, 994 S.W.2d 273, 279 (Tex. App.—Corpus Christi 1999, no pet.)). Moreover, the party seeking to recover attorney's fees has the burden of proving those fees are "reasonable and necessary." *Doncaster v. Hernaiz*, 161 S.W.3d 594, 606 (Tex. App.—San Antonio 2005, no pet.). Although the award of attorney's fees is reviewed for an abuse of discretion, the reasonableness and necessity of the fees is reviewed for sufficiency of the evidence. *Id.* (citing *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998)).

Here, there is insufficient evidence to support the reasonableness of the appellate attorney's fees awarded to Tonya. Tonya's motion did not request a specific amount of fees, and at the hearing on the motion for temporary orders there was neither testimony nor an affidavit to support the reasonableness of the fees awarded. Rather, it appears the trial court awarded Tonya's counsel the challenged amount *sua sponte* without proof of the reasonableness of the fees. Accordingly,

we hold there is insufficient evidence to support the award of appellate attorney's fees in the temporary order.  We therefore sustain Ruben's third issue.

## CONCLUSION

Based on the foregoing, we overrule Ruben's first two issues, but sustain the third issue. Accordingly we affirm the trial court's judgment granting divorce and reverse the portion of the trial court's temporary order awarding Tonya appellate attorney's fees.

Marialyn Barnard, Justice