

NUMBER 13-16-00485-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

VICTOR MANUEL QUIJANO,                                          Appellant,

v.

MARIA EUGENIA AMAYA,                                           Appellee.

### On appeal from the 138th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Contreras, and Hinojosa
### Memorandum Opinion by Justice Contreras

After a marriage that lasted over thirty years, appellee Maria Eugenia Amaya filed

a petition for divorce against appellant Victor Manuel Quijano. Following a bench trial,

the trial court rendered a final decree of divorce. By three issues, Victor, proceeding pro

se, argues that the trial court erred in: (1) the division of the marital estate; (2) awarding

Maria spousal maintenance; and (3) awarding Maria child support.[1]  We affirm in part and reverse and render in part.

## I.  BACKGROUND

Victor and Maria married on October 25, 1983, and they separated sometime between January and April of 2014.  On December 2, 2015, Maria filed a petition for divorce on the ground of insupportability.  *See* TEX. FAM. CODE ANN. § 6.001 (West, Westlaw through 2017 1st C.S.).  Victor did not file an answer.

At the time of the divorce, the marital estate consisted of a home, three cars, personal belongings, cash and bank accounts, and restaurant equipment from a prior business venture.  The couple also had six children during their marriage; however, only A.S.Q. was a minor at the time of the divorce.

On April 18, 2016, the divorce suit was tried to the bench, and Victor proceeded pro se.  Victor testified that he is self-employed and operates a pest control business as a sole proprietor, while Maria testified she sometimes worked during the marriage by providing counseling services out of her father's home in Brownsville, Texas.  Maria also testified that she does not have permission to work in the United States.

The trial court granted Maria's petition for divorce on the ground of insupportability; divided the marital estate between the parties; appointed Victor and Maria as joint managing conservators of A.S.Q.; and ordered Victor to pay spousal maintenance to Maria for one year and to pay child support until A.S.Q. turned eighteen.  Neither party requested findings of fact or conclusions of law, and the trial court issued none.  *See id.* §§ 6.711, 154.130 (West, Westlaw through 2017 1st C.S.).  This appeal followed.

---

[1] Maria did not file a brief to assist us with this appeal.

## II.    DIVISION OF THE MARITAL ESTATE

By his first issue, Victor argues that the trial court erred in its division of the marital estate.

## A.    Standard of Review and Applicable Law

We review the trial court's division of the community estate upon divorce for an abuse of discretion.  *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981).  A trial court abuses its discretion when it acts arbitrarily or unreasonably without reference to guiding rules or principles, or by failing to analyze or apply the law correctly.  *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011).

In a divorce, a trial court will divide community property among the parties; however, it cannot divest either spouse of his or her separate property.  *See Pearson v. Fillingim*, 332 S.W.3d 361, 363–64 (Tex. 2011) (per curiam); *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 140–41 (Tex. 1977).  "Property possessed by either spouse during or on dissolution of marriage is presumed to be community property."  TEX. FAM. CODE ANN. § 3.003(a) (West, Westlaw through 2017 1st C.S.).  A trial court divides the parties' community property "in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."  *Id.* § 7.001 (West, Westlaw through 2017 1st C.S.).

This "just and right" standard is the sole method to account for and to divide community property upon divorce.  *Schlueter v. Schlueter*, 975 S.W.2d 584, 588 (Tex. 1998).  "Such a standard may at times lead to a disproportionate division of assets and liabilities of the parties, depending on the circumstances that courts may consider in refusing to divide the marital estate equally."  *Id.*; *see also Murff*, 615 S.W.2d at 699 (listing

3

nonexclusive factors court may consider in unequally dividing community estate). Thus, the property division need not be equal. *Murff*, 615 S.W.2d at 698–99.

"In the absence of findings of fact and conclusions of law, an appellate court must uphold the trial court's judgment on any legal theory supported by the record." *In re Marriage of Smith*, 115 S.W.3d 126, 131 (Tex. App.—Texarkana 2003, pet. denied) (citing *Seaman v. Seaman*, 425 S.W.2d 339, 341 (Tex. 1968)); *LeBlanc v. LeBlanc*, 761 S.W.2d 450, 452–53 (Tex. App.—Corpus Christi 1988), *writ denied per curiam*, 778 S.W.2d 865 (Tex. 1989). And, a party complaining of the division of the community estate has the burden of showing from the evidence in the record that the trial court's division of the community estate was so unjust and unfair as to constitute an abuse of discretion. *Slicker v. Slicker*, 464 S.W.3d 850, 858 (Tex. App.—Dallas 2015, no pet.) (citing *In re Marriage of C.A.S. & D.P.S.*, 405 S.W.3d 373, 384 (Tex. App.—Dallas 2013, no pet.)). Generally, a party who does not provide to the trial court any value for the property to be divided cannot, on appeal, complain of the trial court's lack of information in dividing the community estate. *Id.*; *Aduli v. Aduli*, 368 S.W.3d 805, 820 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

## B.    Analysis

Here, the trial court did not issue findings of fact or conclusions of law, and Victor did not request that the trial court do so. *See* TEX. FAM. CODE ANN. § 6.711. The parties' estate at the time of the divorce consisted of:  (1) the marital home at 35 Cuba Drive Street, (2) a 2016 Hyundai Tucson, (3) a 2004 Nissan Quest, (4) a 1996 Mazda pick-up truck, (5) restaurant equipment from a business that was no longer operational, (6) personal property in each party's possession, and (7) cash and bank accounts. The trial

4

court awarded Maria and Victor each half of the proceeds from the sale of the house[2] and from the sale of the restaurant equipment. The trial court also awarded Maria and Victor the personal property, bank accounts, and cash each had in his or her possession and under his or her sole control. Finally, the trial court awarded Maria the car she drove (the 2016 Hyundai), and it awarded Victor with the vehicles he drove (the Nissan Quest and the Mazda pick-up truck).

On appeal, Victor argues that the trial court erred in dividing the marital estate because the car and personal property awarded to Maria were more valuable than the property and cars awarded to him. As noted, a party complaining of the trial court's division of community property must be able to demonstrate from evidence in the record that the division was so unjust and unfair as to constitute an abuse of discretion. *Slicker*, 464 S.W.3d at 858; *Chacon v. Chacon*, 222 S.W.3d 909, 915 (Tex. App.—El Paso 2007, no pet.); *LeBlanc*, 761 S.W.2d at 453. However, Victor did not introduce any evidence at trial of the value of any of the personal property or of any of the cars, and the record contains no evidence from which we can conclude that the division of the community property was so unjust and unfair as to constitute an abuse of discretion. *See Slicker*, 464 S.W.3d at 858; *Aduli*, 368 S.W.3d at 820–21. Thus, Victor has not carried his burden on appeal of showing that the trial court's division was so unjust and unfair to constitute an abuse of discretion. *See Slicker*, 464 S.W.3d at 858; *Aduli*, 368 S.W.3d at 820–21; *LeBlanc*, 761 S.W.2d at 452–53. We conclude that the trial court did not abuse its

---

[2] The proceeds from the sale of the house were to be divided equally between Victor and Maria after the satisfaction of a $50,000 lien granted to Maria. The lien arose out of a claim for reimbursement made by Maria for separate-property funds she spent towards the down payment and remodeling of the home. *See id.* §§ 3.401–.409, 7.007 (West, Westlaw through 2017 1st C.S.). On appeal, Victor does not dispute the award to Maria of the reimbursement claim or the lien on the home.

discretion in its division of the parties' marital estate. *See Aduli*, 368 S.W.3d at 820–21; *see also In re Marriage of Luna*, No. 07-16-00065-CV, 2016 WL 6873051, at *3 (Tex. App.—Amarillo Nov. 18, 2016, no pet.) (mem. op.); *Langan v. Langan*, No. 14-12-01134-CV, 2014 WL 3051216, at *7–8 (Tex. App.—Houston [14th Dist.] July 3, 2014, no pet.) (mem. op.).

We overrule Victor's first issue.

### III.  SPOUSAL MAINTENANCE

By his second issue, Victor argues that the trial court erred in awarding Maria spousal maintenance for one year.

### A.  Standard of Review and Applicable Law

We review the trial court's decision to award spousal maintenance for an abuse of discretion. *See Lopez v. Lopez*, 55 S.W.3d 194, 198 (Tex. App.—Corpus Christi 2001, no pet.). Under the abuse of discretion standard, legal and factual sufficiency of the evidence are not independent grounds for asserting error; however, they are relevant factors in assessing whether the trial court abused its discretion. *Diaz v. Diaz*, 350 S.W.3d 251, 254 (Tex. App.—San Antonio 2011, pet. denied) (citing *Brooks v. Brooks*, 257 S.W.3d 418, 425 (Tex. App.—Fort Worth 2008, pet. denied)). In determining whether an abuse of discretion has occurred because the evidence is legally or factually insufficient to support the trial court's decision, we ask:  (1) whether the trial court had sufficient information upon which to exercise its discretion; and (2) whether the trial court erred in the application of its discretion. *Gonzalez v. Villarreal*, 251 S.W.3d 763, 774 n.16 (Tex. App.—Corpus Christi 2008, pet. dism'd); *In re T.D.C.*, 91 S.W.3d 865, 872 (Tex. App.—Fort Worth 2002, pet. denied); *see also Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l*

6

*Dev. & Research Corp.*, 299 S.W.3d 106, 115 (Tex. 2009) (legal sufficiency); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (factual sufficiency). The sufficiency review is related to the first inquiry. *In re T.D.C.*, 91 S.W.3d at 872. If it is revealed in the first inquiry that there was sufficient evidence, then we must determine whether the trial court made a reasonable decision. *Id.*

In making our determination, we view the evidence in the light most favorable to the actions of the trial court and indulge every legal presumption in favor of the judgment. *Smith v. Smith*, 115 S.W.3d 303, 306 (Tex. App.—Corpus Christi 2003, no pet.). The trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision or if reasonable minds could differ as to the result. *Id.* at 305.

Spousal maintenance is an award of "periodic payments from the future income of one spouse for the support of the other spouse." *See* TEX. FAM. CODE. ANN. § 8.001(1) (West, Westlaw through 2017 1st C.S.). The purpose of spousal maintenance is "to provide temporary and rehabilitative support for a spouse whose ability for self-support is lacking or has deteriorated over time while engaged in homemaking activities and whose capital assets are insufficient to provide support." *O'Carolan v. Hopper*, 71 S.W.3d 529, 533 (Tex. App.—Austin 2002, no pet.).

Among other scenarios not applicable here, a spouse seeking to receive spousal maintenance must prove that: (1) the marriage lasted ten years or longer; and (2) the spouse lacks the ability to earn sufficient income to provide for his or her minimum reasonable needs. *See* TEX. FAM. CODE ANN. § 8.051(2)(B) (West, Westlaw through 2017 1st C.S.). Additionally, a spouse seeking support must overcome a statutory presumption

7

that spousal maintenance is not warranted unless the spouse seeking it has exercised diligence in: (1) earning sufficient income to provide for their minimum reasonable needs; or (2) developing the necessary skills to become self-supporting during a period of separation and during the time the suit for dissolution of the marriage was pending. TEX. FAM. CODE ANN. § 8.053(a) (West, Westlaw through 2017 1st C.S.).

The term "minimum reasonable needs" is not statutorily defined. *Slicker v. Slicker*, 464 S.W.3d 850, 860 (Tex. App.—Dallas 2015, no pet.) (citing *Cooper v. Cooper*, 176 S.W.3d 62, 64 (Tex. App.—Houston [1st Dist.] 2004, no pet.)). Instead, determining the "minimum reasonable needs" is a fact-specific inquiry, which courts determine on a case-by-case basis. *Slicker*, 464 S.W.3d at 860 (citing *Amos v. Amos*, 79 S.W.3d 747, 749 (Tex. App.—Corpus Christi 2002, no pet.)).

Courts consider several factors in determining spousal maintenance. TEX. FAM. CODE ANN. § 8.052 (West, Westlaw through 2017 1st C.S.). These factors include: the financial resources, age, employment history, earning ability, and physical and emotional condition of the spouse seeking maintenance; the time necessary to acquire sufficient education or training to enable the spouse seeking maintenance to earn sufficient income; the contribution by one spouse to the education, training, or increased earning power of the other spouse; the contribution of a spouse as homemaker; any history or pattern of family violence; and the comparative financial resources of the spouses. *Id.*

**B.     Analysis**

We begin with the presumption that spousal maintenance is not warranted. *See id.* § 8.053(a). To overcome the presumption, Maria must show that she exercised diligence in (1) earning sufficient income to provide for her minimum reasonable needs or

(2) developing the necessary skills to become self-supporting during a period of separation and during the time the suit for dissolution of the marriage was pending. *Id.* § 8.053(a); *Day v. Day*, 452 S.W.3d 430, 434 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).

Here, there was no evidence or testimony which indicated that Maria made any attempts to develop the necessary skills to become self-supporting during the period of separation and during the time the suit was pending. *See* TEX. FAM. CODE ANN. § 8.053(a)(2). Thus, we focus on whether there was evidence she was diligent in earning sufficient income to provide for her minimum reasonable needs. *Id.* § 8.053(a)(1).

Evidence is legally insufficient if the record reveals: "(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by the rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *Akin*, 299 S.W.3d at 115 (citing *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "Evidence does not exceed a scintilla if it is so weak as to do no more than create a mere surmise or suspicion that the fact exists." *Id.* (citing *Kroger Tex., LP v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006)) (internal quotations omitted).

Maria explained early in her testimony that she does not have permission to work in the United States. And, the only portion of her testimony pertinent to our inquiry of whether Maria exercised diligence in earning sufficient income was brief:

> Trial Counsel: Ms. Amaya, you do—you've made some income throughout the marriage; is that correct[?]

| | |
|---|---|
| Maria: | Yes, ma'am |
| Trial counsel: | You offer counseling services? |
| Maria: | Sometimes.  Yes, I do do it. |
| Trial counsel: | And you have done that out of your parent's home on 1 Country Club Road; is that correct? |
| Maria: | Yes, ma'am. |
| Trial counsel: | And are there other ways that you're trying to earn money to survive? |
| Maria: | I can't. |
| Trial counsel: | Okay.  But you have—I mean, in the past you have been able to do that, correct? |
| Maria: | Yes. |
| The Court: | What is her education degrees or whatever? |
| Trial counsel: | How far did you go in school? |
| Maria: | I have a master degree. |
| Trial Counsel: | Where is your master degree from? |
| Maria: | In Mexico. |
| Trial Counsel: | And what is your master degree in? |
| Maria: | Social psychology. |
| Trial Counsel: | And in Mexico did you use that master's degree and work and practice? |
| Maria: | I would work as a counselor as well. |
| Trial Counsel: | Okay.  But you don't have any certifications in the State of Texas to do that work? |
| Maria: | No. |

10

Trial Counsel:        Okay.  What else have you done in your life as for work?

Maria:                That's it.  I can't work.

We note that Maria's testimony did not explain how much money she earned through her counseling service, how many clients she had, how often she provided this service, or when was the last time that she saw a client.  Maria did not elaborate on whether she undertook any attempts to seek employment or to earn income by any other means; rather, she simply stated that she "can't work."  There is also no evidence that Maria sought authorization to work in the United States or to become a legal resident.  Thus, Maria's testimony lacked substantive and probative evidence of her diligence in earning sufficient income to provide for her minimum reasonable needs.  *See Sheshtawy v. Sheshtawy*, 150 S.W.3d 772, 777–78 (Tex. App.—San Antonio 2004, pet. denied) (explaining that wife's testimony that she had not sought employment because she was not a legal resident in the United States and had not attempted to apply for legal residency after the separation showed a lack of diligence in seeking suitable employment as needed to overcome the presumption in earlier version of section 8.053); *cf. Diaz*, 350 S.W.3d at 254 (noting that wife provided gross receipts, net income, and the number of clients from a small janitorial business as evidence of diligence); *In re Marriage of Eilers*, 205 S.W.3d 637, 646 (Tex. App.—Waco 2006, pet. denied) (noting that evidence of wife's low paying job and of her actions exploring other possible jobs in the vicinity was evidence considered in showing diligence); *Arellano v. Arellano*, No. 01-16-00854-CV, 2018 WL 284333, at *4 (Tex. App.—Houston [1st Dist.] Jan. 4, 2018, no pet.) (mem. op.) (concluding that evidence that wife worked at a restaurant, changed jobs, and applied and searched for better jobs, despite lacking the educational background, overcame

11

statutory presumption against spousal maintenance); *Coleman v. Coleman*, No. 02-09-00155-CV, 2009 WL 4755173, at *2–3 (Tex. App.—Fort Worth Dec. 10, 2009, no pet.) (mem. op.) (determining that the wife's testimony that she "looked into" getting a job that required extensive training was not evidence of diligence in support of her spousal maintenance claim).

Other parts of Maria's testimony also undermine any implicit finding that she was diligent in earning sufficient income to provide for her minimum reasonable needs—while Maria submitted a list of her expenses for the two months preceding trial, she testified that: (1) she was unaware of what her monthly expenses were until Victor stopped making payments after she filed for divorce, and (2) she was paying for those expenses since that time through monetary gifts from her father. This was not substantive or probative evidence of diligence on Maria's part. *Cf. Day*, 452 S.W.3d at 434–35 (explaining that the wife submitted evidence of income, reduction in expenses, loans taken to pay for expenses, and the expenditure of an inheritance as evidence of diligence).

Finally, apart from her testimony, Maria did not offer any evidence regarding her counseling services, and she did not testify that income from the counseling services was at any time used to pay for her minimum reasonable needs or how much of her needs could be covered by that income; the only evidence in the record of the couple's income during their marriage was of Victor's income. This again provided the trial court with no substantive or probative evidence of diligence on Maria's part. *See Day*, 452 S.W.3d at 434–35; *Diaz*, 350 S.W.3d at 254; *In re Marriage of Eilers*, 205 S.W.3d at 646.

In light of the statutory language and the discussion above, we conclude the evidence here lacked probative and substantive value and was so weak as to do no more than create a mere surmise or suspicion Maria was diligent in earning sufficient income to provide for her minimum reasonable needs.  *See Akin*, 299 S.W.3d at 115; *Smith*, 115 S.W.3d at 305; *see also* TEX. FAM. CODE ANN. § 8.053(a)(1).  Thus, the evidence was legally insufficient to overcome the presumption against spousal maintenance.  *See Akin*, 299 S.W.3d at 115; *Day*, 452 S.W.3d at 434–35; *Diaz*, 350 S.W.3d at 254; *In re Marriage of Eilers*, 205 S.W.3d at 646; *Sheshtawy*, 150 S.W.3d at 777–78; *Smith*, 115 S.W.3d at 307; *see also Coleman*, 2009 WL 4755173, at *2–3.  Accordingly, we conclude that the trial court abused its discretion in awarding Maria spousal support for one year.  *See Day*, 452 S.W.3d at 434–35; *Sheshtawy*, 150 S.W.3d at 777–78; *see also Coleman*, 2009 WL 4755173, at *2–3.

We sustain Victor's second issue.

### IV.  CHILD SUPPORT

By his third issue, Victor challenges the award of child support to Maria until A.S.Q. turns eighteen.  However, when making arguments on appeal, we require the parties to make clear and concise arguments, cite appropriate authority, and provide citations to the record.  *See* TEX. R. APP. P. 38.1(i).  Even though we normally construe pro se briefs liberally, we still require pro se parties to adequately brief the issues presented.  *See id.*; *Jarvis v. Feild*, 327 S.W.3d 918, 925 (Tex. App.—Corpus Christi 2010, no pet.) (noting that an appellant's "pro se status does not relieve her from complying with applicable laws and rules of procedure"); *Nabelek v. Bradford*, 228 S.W.3d 715, 717 (Tex. App.—Houston

13

[14th Dist.] 2006, pet. denied) (stating that pro se appellants are held to the same standard as licensed attorneys).

Here, Victor does not cite any case law or statutory authority applicable to the award of child support. *See* Tᴇx. R. Aᴘᴘ. P. 38.1(i). Victor does not provide any discussion or analysis as to why or how the trial court erred in its award of child support. *See id.* Therefore, without more, we conclude that Victor inadequately briefed this issue and has presented nothing for our review. *See id.*; *McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.) ("Bare assertions of error, without argument or authority, waive error").

We overrule Victor's third issue.

## V. Cᴏɴᴄʟᴜsɪᴏɴ

We affirm, in part, the trial court's corrected final decree of divorce property division and award of child support. We reverse the portion of the decree granting spousal maintenance and render judgment denying Maria's request for such maintenance.

DORI CONTRERAS
Justice

Delivered and filed the
19th day of April, 2018.

14